**Albert P. DENIS and Denis Manufacturing Co., Inc.,**

v.

**PERFECT PARTS, Inc., City Auto Parts, Incorporated and David H. Kawadler.**

Civ. A. No. 55-911.

United States District Court
D. Massachusetts.

May 23, 1956.

See, also, 142 F.Supp. 259.

W. R. Hulbert, William W. Rymer, Jr., Fish Richardson & Neave, Boston, Mass., for plaintiff.

Harry Price, New York City, for defendant.

ALDRICH, District Judge.

In this action for patent infringement defendant has filed an affidavit of bias or prejudice seeking to disqualify me. The affidavit does not proceed on the basis that I am personally prejudiced, or have any general prejudice, either against the defendant, or in favor of the plaintiff, but is on the special ground that I have predetermined the question of the validity of the patent in a previous action by the same plaintiff against a different defendant, and have been affirmed by the Court of Appeals.

■ I requested counsel to brief his view that this constituted prejudice within the meaning of the disqualification statute, 28 U.S.C. § 144. He has not seen fit to oblige, and now states he is unable to do so. This is not surprising. The law has been settled the other way for many years. See, e. g., Parker v. New England Oil Corp., D.C.D.Mass., 13 F.2d 497; Craven v. United States, 1 Cir., 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739; Morse v. Lewis, 4 Cir., 54 F.2d 1027, certiorari denied 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291; Ferrari v. United States, 9 Cir., 169 F.2d 353. The statute is directed to personal bias, not to previous judicial exposure to the same or similar questions. On defendant's theory a judge's growth in wisdom and experience would serve only to limit his activities to fields in which he had none. The affidavit of prejudice is stricken.

■ This brings me to counsel's certificate of good faith which accompanied the motion. A motion to disqualify the court for bias and prejudice is a serious undertaking, as evidenced by the fact that it must be in affidavit form, with a certificate of counsel. I gather, from counsel's statement in open court when

I called upon him to account, that he examined no law before filing. He conceded that prior to the hearing he investigated the cases and concluded the affidavit was improvident, and that the motion ought to be waived. In spite of this conclusion he did not, even at the time of hearing, seek to withdraw the motion, but argued at some length in its support. The fact that this argument was not persuasive, either in character or effect, scarcely, as now suggested, militates in his favor.

A certificate of good faith must mean, at the least, that counsel has some belief that the motion is arguably proper. The certificate is a continuing representation. Cf. Stipcich v. Metropolitan Life Insurance Co., 277 U.S. 311, 48 S.Ct. 512, 72 L.Ed. 895. At an appropriate time I will consider what, if any, disciplinary action is appropriate. Cf. Rule 11, Fed.Rules Civ.Proc., 28 U.S.C.A.