Thomas M. Ferril, Jr., R. Norman Coe, Blue Bell, Pa., for Sperry Rand.

**SPERRY RAND CORPORATION, a Delaware corporation, Plaintiff,**

v.

**PENTRONIX, INC., a Michigan corporation, et al., Defendants.**

**SPERRY RAND CORPORATION, a Delaware corporation, Plaintiff,**

v.

**ELECTRONIC MEMORIES & MAGNETICS CORPORATION, a Delaware corporation, Defendant.**

**Civ. A. Nos. 43109, 70-1794.**

United States District Court, E. D. Pennsylvania.

Jan. 22, 1973.

As Amended Feb. 22, 1973.

Nelson E. Kimmelman, Victor Wright, of Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., Claude A. Patalidis, of Hauke, Gifford, Patalidis & Dumont, Lathrup Village, Mich., for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The plaintiff has filed a Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure in C.A. 70-1794. This Court after hearings which began on February 8, 1968, issued a Restraining Order on March 5, 1968 in Civil Action No. 43,109 enjoining the defendants "from revealing any part of the process of manufacturing magnetic memory cores, used now or heretofore by Pentronix, (and/or equipment ancillary thereto) to any person not now involved in the present action." The Order has not been terminated and it has remained in full force. Rule 65(d), F.R.C.P. makes the

Restraining Order binding upon the parties to the action. On July 2, 1970 the plaintiff filed an action (C.A. No. 70-1794) for contempt against the defendants for violation of the Court's Restraining Order of March 5, 1968. Pentronix has been absorbed by different corporations and all the successors have had notice of the Restraining Order.

On March 18, 1970 this Court in an Opinion, 311 F.Supp. 910 (1970), found that the individual defendants and the corporate defendant, Pentronix, had violated plaintiff's trade secrets involving magnetic memory cores. The plaintiff was ordered to submit an appropriate form of a final judgment for consideration by the Court. In April, 1970 the plaintiff did submit a proposed order in which the plaintiff asked the Court to issue a permanent injunction, destruction of certain machinery, an accounting before a Special Master and payment of all costs by the defendant. Subsequently, numerous attempts were tried to settle this case, but this approach seems impossible at this juncture.

Final judgment has never been entered on the main action (C.A. No. 43,-109). Therefore, the Court will enter final judgment so that the defendants can avail themselves of the appellate process if they choose to go this route. This approach still leaves the plaintiff's Motion for Partial Summary Judgment on the contempt action outstanding.

There have been cases which have held that civil contempt proceedings are abated by a termination of the proceedings out of which they arose. United States v. United Mine Workers, 330 U.S. 258, 294, 67 S.Ct. 677, 91 L.Ed. 884 (1946); Gompers v. Bucks Stove and Range Co., 221 U.S. 418, 451, 31 S.Ct. 492, 55 L.Ed. 797 (1911); United States v. International Union, 88 U.S.App.D.C. 341, 190 F.2d 865, 874 (1951); Parker v. United States, 153 F.2d 66, 71 (1st Cir. 1946); Pacific Gamble Robinson Co. v. Minneapolis and St. Louis Ry. Co., 92 F.Supp. 352, 356 (D.C.Minn.1950) and Harris v. Texas and Pacific Ry. Co., 196 F.2d 88, 90 (7th Cir. 1952).

However, in Backo v. Local 281, United Bro. of Carpenters and Joiners, 438 F.2d 176, 182 (2nd Cir. 1970), the Court drew a distinction between civil contempt of a coercive nature and civil contempt of a compensatory nature. The Court in *Backo, supra,* on page 182 stated:

. . . Where a civil contempt proceeding is coercive in nature and seeks to enforce an interlocutory order, it abates when the proceedings out of which it arises are terminated. Shillitani v. United States, 384 U.S. 364, 370, 371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); F.T.C. v. Stroiman, 428 F.2d 808 (8th Cir. 1970); Harris v. Texas and Pacific Ry., 196 F.2d 88 (7th Cir. 1952); DeParcq v. United States District Court, 235 F.2d 692, 697 (8th Cir. 1956). No such rule applies to purely compensatory civil contempt judgments.[3] This principle

3. When the parties choose to effect an out-of-court settlement of a case, unless the settlement specifically states otherwise, all elements of that litigation are deemed settled, including any right to seek a compensatory civil contempt judgment. Gompers v. Buck's Stove and Range Company, 221 U.S. 418, 451, 31 S.Ct. 492, 55 L.Ed. 797 (1911). A final judgment in a case does not "settle" a right to sue for contempt, at least with respect to damages incurred after the date of the final judgment, unless the judgment so states.

is illustrated in Parker v. United States, 135 F.2d 54 (1st Cir. 1943), cert. denied 320 U.S. 737, 64 S.Ct. 35, 88 L.Ed. 436 (1943), where the court found the defendant liable, in a post-judgment civil contempt proceeding for damages due to disobedience of both an interlocutory and final order. See also Vincent v. Local 294, International Brotherhood of Teamsters etc., 424 F.2d 124, 129 (2d Cir. 1970);[4]

4. In that case, it was found that the sanction for civil contempt abated with the expiration of the injunction which was being disobeyed "[s]ince the sole purpose of the civil contempt order was to *compel compliance* with the injunction *order.*" (Emphasis supplied.)

but see Pacific Gamble Robinson v. Minneapolis and St. Louis Ry. Co. 92 F.Supp. 352 (D.Minn.1950).

The Court in *Backo, supra* relies on *Parker* (1943), *supra,* in order to show the dichotomy between civil contempt of a coercive nature and that of a compensatory nature. However, the Court in *Parker* (1946), *supra,* at page 71 of 153 F.2d reiterated the traditional approach which is as follows:

> Since the complainant in the main cause is the real party in interest with respect to a compensatory fine *or other remedial order* in a civil contempt proceeding, if for any reason complainant becomes disentitled to the further benefit of such order, the civil contempt proceeding must be terminated (emphasis added).

In *Vincent, supra,* the civil contempt proceedings were instituted after the conclusion of the principle action rather than during the pendency and the Court held that the order disposing of the contempt proceedings were appealable, but the Court held that the entire matter was moot because there was no viable controversy. On page 129 of 424 F.2d of *Vincent, supra,* the Court once again reiterated the traditional approach to civil contempt.

> Since the sole purpose of the civil contempt order was to compel compliance with the injunction order, [and] the necessity for the sanction ended with expiration of the injunction, and the sanction itself must necessarily be terminated.

Here, the contempt action is ancillary to the main suit which involves trade secrets in the production of memory cores. The contempt action arose directly out of the Restraining Order dated March 5, 1968.

If we did adopt the dichotomy approach in *Backo, supra,* the case presently before the Court presents a hybrid situation because the plaintiff's proposed Order of April, 1970 asked for money damages plus the destruction of certain reference cores and voltage time calibrators which were improperly obtained by Pentronix from Sperry Rand. We have both compensatory and coercive measures which the plaintiff would want the Court to impose. Of course, the Court is not bound by the plaintiff's proposed order. Nevertheless, in a case such as the one at bar which involves a great deal of empirical expertise, the plaintiff's proposed order would have a definite effect upon the Court's final decision.

This Court is of the opinion that the best avenue to take is to stay the plaintiff's motion pending the outcome of any appeal. If the appellate courts affirm this Court's Opinion of March 18, 1970, this Court will then be able to decide the question of damages on the main action and also resolve the collateral contempt action at that time. On the other hand, if the appellate courts decide in favor of the defendants then this would have to be resolved pursuant to the mandate of the higher court.

## ORDER

And now, this 22nd day of January, 1973, pursuant to the Opinion of this Court dated March 18, 1970, 311 F.Supp. 910, it is hereby ordered that final judgment in Civil Action No. 43,109 on the issue of liability shall be in favor of the plaintiff, Sperry Rand Corporation and against the defendants, Pentronix, Inc., all successors to Pentronix, Inc., Robert W. Beyer, Robert A. Brinker and James Mulholland.