George L. CURRY, Plaintiff-Appellant,

v.

D. Lowell JENSEN et al., Defendants-Appellees.

No. 74–2139.

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1975.
Certiorari Denied Dec. 1, 1975.
See 96 S.Ct. 428.

388

George L. Curry, in pro per., for appellant.

Crosby, Heafey, Roach & May, Oakland, Cal., for defendants-appellees.

OPINION

Before CHAMBERS, KILKENNY and TRASK, Circuit Judges.

CHAMBERS, Circuit Judge:

Curry appeals from a decision of the district court dismissing his action against a California state district attorney and two of his deputies and from our district judge's refusal to disqualify himself. We affirm.

Curry filed an action in federal district court contending that the appellees had deprived him of his civil rights.

At a prior time, in response to his complaint that one Tate had poisoned his dog, appellees charged Tate with the misdemeanor of dog-poisoning. Curry complained all along of this action as he wanted Tate charged with a felony, i. e., conspiracy to commit the misdemeanor of dog-poisoning. At Tate's trial on the misdemeanor charge, the judge dismissed the case at the conclusion of the trial. So, Curry brought an action in federal district court alleging that appellees, in charging a misdemeanor rather than a felony and in failing to convict Tate, had deprived him (Curry) of his civil rights. The district judge dismissed the action as to all defendants based on the defense of quasi-judicial immunity.

Where the prosecutorial act challenged is within the scope of the judicial process, the prosecutor enjoys quasi-judicial immunity. *Ney v. California,* 439 F.2d 1285 (9th Cir. 1971). The decisions and actions challenged by Curry are within the judicial process and so defendants have immunity from suit.

When a dog is poisoned, one's visceral reaction is to set aside due process to get at the poisoner. Nonetheless, we can't do it. The state judge's finding of not guilty on the trial would be circumstantial evidence that it would not have been wise to charge a felony, but even if we assume a felony would have been easier to prove, without more, there would be no jurisdiction in the civil rights case over the prosecutor.

There was no error in the refusal of the district judge to disqualify himself. The judge challenged has authority to decide whether the basis of the claim is legally sufficient if the facts alleged were true. *Undersea Eng'r & Constr. Co. v. International Tel. & Tel. Corp.,* 429 F.2d 543, 545 (9th Cir. 1970). To be legally sufficient to require disqualification, the affidavit must state facts sufficient to convince a reasonable man that the judge possesses bias or prejudice in the matter. *Hodgson v. Liquor Salesmen's Local 2 of New York,* 444 F.2d 1344, 1348 (2nd Cir. 1971). The appellant stated no specific facts to support allegations of bias or prejudice that would meet this standard.

Further, the district court did not abuse its discretion in setting aside the default against the two deputy district attorneys. Absent an abuse of discretion, there is no error in setting aside a default where the judge finds good cause to do so. *Lau Ah Yew v. Dulles,* 236 F.2d 415 (9th Cir. 1956).