**SPERRY RAND CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**PENTRONIX, INC., a Michigan Corporation, et al., Defendants.**

**SPERRY RAND CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**ELECTRONIC MEMORIES & MAGNETICS CORPORATION, a Delaware Corporation, Defendant.**

**Civ. A. Nos. 43109, 70-1794.**

United States District Court, E. D. Pennsylvania. Nov. 11, 1975.

Thomas M. Ferrill, Jr., R. Norman Coe, Blue Bell, Pa., for plaintiff.

Nelson E. Kimmelmen, Philadelphia, Pa., Claude A. Patalidis, Lathrup Village, Mich., for defendant Pentronix, Inc.

Victor Wright, Philadelphia, Pa., for defendant Electronic Memories & Magnetics Corp.

## OPINION AND ORDER

DAVIS, Senior District Judge.

Affidavits of disqualification pursuant to 28 U.S.C. § 144 have been filed on behalf of the defendants Pentronix, Inc. (Pentronix) and Electronic Memories & Magnetics Corporation (EMM) in these consolidated actions. Each party charges that certain comments and statements made by the Court at a hearing held on July 22, 1975, reveal that I have a personal bias or prejudice against the defendants or in favor of the plaintiff, Sperry Rand Corporation. The affidavits are timely filed, and in form at least, in conformity with the requirements of the statute.[1]

---

1. Title 28 U.S.C. § 144 provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in fa-

It is not my function, nor would I presume to make findings as to the veracity or credibility of the allegations made. Yet, the Court is obligated to pass on the legal sufficiency of the affidavits presented, since, in the first instance, such affidavits are properly addressed to and ruled upon by the Judge whose disqualification is sought. *United States v. Townsend*, 478 F.2d 1072 (3d Cir. 1973); *United States v. Bell*, 351 F.2d 868 (6th Cir. 1965) cert. denied 383 U.S. 947, 86 S.Ct. 1200, 16 L. Ed.2d 210; *Simmons v. United States*, 302 F.2d 71 (3d Cir. 1962); *Green v. Murphy*, 259 F.2d 591 (3d Cir. 1958). Having most carefully reviewed the applicable principles of law, the affidavits themselves, and, in all good conscience scrupulously considered the matter, I am firmly of the opinion that the affidavits are insufficient as a matter of law to require that I recuse myself. I come to this conclusion mindful of the seriousness of the situation to all of the parties to this litigation, as well as to this Court, and to our system of jurisprudence as a whole.

The charge of bias by both defendants is based solely on certain comments by the Court. In substance, the two affidavits are identical, and for present purposes they will be treated together. Each looks to the same remarks and statements which I made, and each affiant asserts that my comments indicate that I have prejudged crucial factual issues before the presentation of evidence. It must follow, therefore, in the opinion of each party, that my expressed attitudes are the result of a personal bias or prejudice, and that disqualification is mandated. To understand why the affidavits are legally insufficient, it is important first that I set forth a brief history of this long and complex case.

Sperry Rand commenced the main action on July 10, 1967. Alleging both breach of contract and unfair competition, plaintiff sought damages and injunctive relief against the original defendants for alleged misappropriation of its trade secrets with regard to the design and manufacture of certain electronic devices known as magnetic memory cores. During the course of preliminary hearings, it was learned that the Pentronix facility which was the alleged repository of plaintiff's stolen trade secrets was about to be sold to EMM. On March 5, 1968, I issued a Temporary Restraining Order enjoining the then party defendants "from revealing any part of the process of manufacturing magnetic memory cores, used now or heretofore by Pentronix (and/or equipment ancillary thereto), to any person not now involved in the present action." Hearings continued at length, and subsequently, upon stipulation of the parties, the case was submitted to the Court for determination of a motion for a permanent injunction and other final relief.

On March 18, 1970, the Court rendered its findings of fact and conclusions of law holding that the defendants had violated plaintiff's trade secrets in

---

vor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

It should be noted that the statute states that the affidavit be filed by "a party" to the proceeding. The affidavits here are both made by corporate officers of the named parties upon information and belief. This latter element is permissible. See, *Berger v. United States*, 255 U.S. 22, 41 S. Ct. 230, 65 L.Ed. 481 (1921). However, at least one case has held that an affidavit by a corporate representative does not satisfy the statutory requirement of filing by "a party". *Anchor Grain Co. v. Smith*, 297 F. 204 (5th Cir. 1924). But, in light of the disposition on the merits, I do not rely on this point.

all respects alleged.[2] Various complications, including an abortive appeal, thereafter ensued. Ultimately, on March 14, 1974, final judgment was entered in favor of the plaintiff. A permanent injunction against the use or revelation of the process of manufacture, the formulations, testing methods, and related equipment used in the design and manufacture of magnetic memory cores was issued, and it was ordered that an accounting of profits derived by the defendants be made and damages for the unlawful appropriation of plaintiff's trade secrets be awarded. The Court's judgment of liability was affirmed by our Court of Appeals on January 7, 1975, and rehearing denied on March 4, 1975. (C.A. No. 74–1506).

In the course of the initial litigation, Sperry Rand took steps to enforce the Court's March 5, 1968, temporary restraining Order. It first filed, on March 10, 1970, a motion for a contempt judgment against all of the original defendants. On July 2, 1970, it commenced a separate civil action (No. 70–1794) against the defendant Electronic Memories & Magnetics Corporation (EMM), also seeking to have EMM adjudged in contempt for violation of the restraining order.[3] Proceedings on the former motion were held in abeyance, and the latter action was formally stayed pending appellate review.[4]

Following affirmance on appeal, the Court took up, among other things, these ancillary contempt proceedings. The matters formally before me were the plaintiff's motion for an order to show cause and contempt judgment in the original action,[5] and its motion for summary judgment against EMM. It was at argument on these motions that the Court's alleged bias was manifested. As already noted, the sole basis of the allegations made in each affidavit is my remarks and comments during the course of this proceeding.

■ The legal standards to be applied in testing an affidavit filed under § 144 are concisely stated by the Court in *United States v. Townsend,* supra, 478 F.2d at 1073–74:

"The mere filing of an affidavit under this section does not automatically disqualify a judge. *Behr v. Mine Safety Appliances Co.,* 233 F.2d 371 (C.A.3), cert. denied, 352 U.S. 942, 77 S.Ct. 264, 1 L.Ed.2d 237 (1956). Disqualification results only from the filing of a timely and sufficient affidavit. *Brotherhood of Locomotive Firemen and Enginemen v. Bangor and Aroostook R. Co.,* 127 U.S.App.D.C. 23, 380 F.2d 570, cert. denied per curiam, 389 U.S. 327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967).

It is the duty of the judge against whom a section 144 affidavit is filed to pass upon the legal sufficiency of the facts alleged. *Simmons v. United States,* 302 F.2d 71 (C.A.3, 1962). Neither the truth of the allegations nor the good faith of the pleader may be questioned. *Simmons,* supra. "[T]he section withdraws from the presiding judge a decision upon the truth of the matters alleged." *Berger v. United States,* 255 U.S. 22, 36, 41

---

2. The Court's opinion is reported at 311 F. Supp. 910 (E.D.Pa.1970).

3. EMM had purchased the Pentronix facility on May 7, 1968. It is alleged that EMM, having notice of the injunction, also participated in the further devolution of Sperry Rand's trade secrets in violation of the Court's order.

4. It was my feeling at the time that the civil contempt proceedings might well be abated by the termination of the proceedings out of

which they arose if the judgment was reversed on appeal. Cf. *Backo v. Local 281 United Brotherhood of Carpenters and Joiners,* 438 F.2d 176 (2d Cir. 1970). See, also, the Court's opinion in this case which is reported at 353 F.Supp. 1291 (E.D.Pa.1973).

5. In fact, an Order to show cause was entered on May 8, 1970, but upon defendant's motion, and in view of the substantial time that had passed since first ordered, I deemed the matter appropriate for reconsideration.

S.Ct. 230, 234, 65 L.Ed. 481 (1921); see *Parker Precision Products Co. v. Metropolitan Life Ins. Co.*, 407 F.2d 1070 (C.A.3, 1969).

To warrant disqualification the affidavit "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger*, supra, 255 U.S. at 33–34, 41 S.Ct. at 233. Clearly, more than mere conclusions are required. *Inland Freight Lines v. United States*, 202 F.2d 169 (C.A.10, 1953). Facts including time, place, persons, and circumstances must be set forth. *Hodgson v. Liquor Salesmen's Local No. 2 of the State of New York*, 444 F.2d 1344 (C.A.2, 1971)." (Footnote omitted).

■ Under the statutory authority, only the allegation of "a *personal* bias or prejudice" will suffice. "The alleged bias and prejudice to be disqualifying must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).[6] "A distinction must be drawn between a judicial determination derived from evidence and lengthy proceedings had before the court, and a determination not so founded upon facts brought forth in court, but based on attitudes and conceptions that have their origins in sources beyond the four corners of the courtroom." *In re: Federal Facilities Realty Trust*,

140 F.Supp. 522, 526 (N.D.Ill.1956). "The distinction is important, for an allegation of '*personal*' bias is a proper basis for disqualification; an allegation of '*judicial*' bias is not." *United States v. Thompson*, 483 F.2d 527, 529 (3rd Cir. 1973). See also, *United States v. Mitchell*, 377 F.Supp. 1312 (D.D.C. 1974).[7]

■ Both of the affidavits before me fail to meet this essential statutory requirement. The averments by each party point only to the Court's comments during proceedings in the case. Nothing is specifically alleged to show that the statements are founded on an attitude of extra-judicial origin. It is apparent, however, that the chief concern of both parties is not my remarks themselves, but the fact that they were made prior to the formal taking of evidence on the contempt motions pending before the Court. Assuming that the Court had heard no evidence, it follows, in the opinion, of the affiants, that the seeming conclusions I expressed are the product of a personal bias towards the defendants.

But both affidavits are totally devoid of *factual* allegations to support this bold conclusion. The mere fact that the Court made certain comments on matters that involved as yet unresolved issues of fact, is by no means conclusive, particularly in light of the substantial record which had already been developed in this case. Numerous affidavits and exhibits had been presented on the pending motions. Moreover, the Court had

---

6. The cases which support this proposition are legion. See, for example, *United States v. English*, 501 F.2d 1254 (7th Cir. 1974); *United States v. Falcone*, 505 F.2d 478 (3d Cir. 1974); *United States v. Thompson*, 483 F.2d 527 (3d Cir. 1973); *Pfizer, Inc. v. Lord*, 456 F.2d 532 (8th Cir. 1972); *Davis v. Cities Service Oil Company*, 420 F.2d 1278 (10th Cir. 1970); *Wolfson v. Palmieri*, 396 F.2d 121 (2d Cir. 1968); *Tynan v. United States*, 126 U.S.App.D.C. 206, 376 F.2d 761 (1967), cert denied, 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967); *United States v. Garramone*, 374 F.Supp. 256 (E.D.Pa.1974); *United States v. Nehas*, 368 F.

Supp. 435 (W.D.Pa.1973); *United States v. Orbiz*, 366 F.Supp. 628 (D.P.R.1973).

7. Other decisions have emphasized this crucial distinction. See, *Wolfson v. Palmieri*, supra; *Brotherhood of Locomotive Firemen & Engineers v. Bangor & Aroostook Railway Co.*, 127 U.S.App., D.C. 23, 380 F.2d 570 (1967); *Tynan v. United States*, supra; *Tucker v. Kerner*, 186 F.2d 79 (7th Cir. 1950); *Molinaro v. Watkins-Johnson CEI Division*, 359 F.Supp. 474 (D.Md.1973); *United States v. 16,000 Acres of Land*, 49 F.Supp. 645 (D.Kan.1942).

undertaken to extensively review the voluminous record of prior proceedings which had naturally led to views and impressions on at least some of the issues to be resolved.[8] While I am certain that there may be a situation in which a judge's comments on their face are sufficient to reveal a personal bias, this is not the case here. Viewed in the particular context of this case, the affidavits totally lack the specificity that would give "fair support" to a charge that I have a personal bias against the moving parties.

It is well settled law that subjective conclusions or mere opinions that a bias exists are patently insufficient to require recusal under § 144. *United States v. Townsend,* supra; *Hodgson v. Liquor Salesmens' Local No. 2 of the State of New York,* 444 F.2d 1344 (2d Cir. 1971). Factual allegations are called for, and the allegations set forth "must be material and stated with particularity." and they "must be such that, if true they would convince a reasonable man that a bias exists." *United States v. Thompson,* supra, 483 F.2d at 528; *Simmons v. United States,* supra; *Molinaro v. Watkins-Johnson CEI Division,* 359 F.Supp. 474 (D.Md.1973). Here, in the absence of specific factual allegations that the comments were derived from nonjudicial sources, the most that can be said is that they reflect a judicial state of mind based on impressions that were the product of the Court's participation in this case over a period of more than eight years of litigation. I hold, therefore, that the mere conclusory allegation that my comments have no evidentiary foundation can in no way provide the prima facie factual basis that "would convince a reasonable man that [personal] bias exists." [9]

I have no doubt that this result is commanded by a strict application of § 144 [10], as I also have no doubt that it is in conformity with the strong policies that that statute embodies. The statute authorizing disqualification is designed to assure that a judge, entrusted with the power to make decisions which effect the substantial interests of the parties before him, will be firmly impartial toward all litigants. Indeed, it is true that the statute, in that the averments of a party's affidavit must be accepted as true, has as its prime purpose the avoidance of the appearance as well as the actual existence of bias or prejudice on the part of the judge. See, *Hodgson v. Liquor Salesmen's Local No. 2 of the State of New York,* supra. But whether or not any bias reasonably appears is dependent on the sufficiency of the factual allegations contained in the affidavit of disqualification. Moreover, where the alleged bias or prejudice arises solely in a judicial context, it is even more crucial that the bias charged be specifically pleaded. In the case

8. Of course, whatever I may have learned from the record and my participation in the case thus far does not indicate nor can it fairly be construed to mean that my mind is irrevocably made up on the issues to be decided. It has been well stated that a judge has a duty to acquire views from evidence. See, *Tynan v. United States,* supra; *Craven v. United States,* 22 F.2d 605 (1st Cir. 1927); *United States v. Orbiz,* supra.

In addition, by noting the substantial record that was before the Court prior to the hearing in question, I do not intend to dispute the allegations of defendants' affidavits. My only desire is to call attention to the precept that "the fair meaning of any remark must be interpreted in the light of the context in which it is uttered." *United States v. Birrell,* 276 F.Supp. 798 (S.D.N.Y. 1967) quoting from *Foster v. Medina,* 170 F.2d 632, 633 (2d Cir. 1948).

9. This conclusion is not altered by the fact that any judicial impression of the conduct of the more recently involved defendant EMM may have been derived in part from what was learned during the course of the original action before it was a party defendant and the actions consolidated. *Denis v. Perfect Parts, Inc.,* 142 F.Supp. 263 (D. Mass.1956); *Parker v. New England Oil Co.,* 13 F.2d 497 (D.Mass.1926).

10. Our courts have long recognized that, in this sensitive area of claimed partiality on the part of a judge, strict construction of the statutory provisions is essential. *United States v. Womack,* 454 F.2d 1337 (5th Cir. 1972); *Peckham v. Ronrico Corp.,* 288 F.2d 841 (1st Cir. 1961); *Scott v. Beams,* 122 F.2d 777 (10th Cir. 1941), cert denied, 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1209 (1942).

where any bias that may otherwise appear is judicial as opposed to personal in nature, sufficient factual allegations must be presented before normal adjudicative processes can be interrupted by the disqualification of the presiding judge. It is clear that § 144 was never meant to serve as a substitute for an appeal where the alleged bias is based either on adverse rulings or decisions in the past or the possible expectation that present matters might be decided adversely. *Ex Parte American Steel Barrel Co.*, 230 U.S. 35, 33 S.Ct. 1007, 57 L. Ed. 1379 (1913). For as stated very aptly, and in a contemporary tone by the Court in the case of *Craven v. United States*, 22 F.2d 605 (1st Cir. 1927):

> "The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias (or state of mind, 255 U.S. [22] 42, 41 S. Ct. 230, 65 L.Ed. 481 [*Berger v. United States*]) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him. Any other construction would make the statute an intolerable obstruction to the efficient conduct of judicial proceedings, now none too speedy or effective."

22 F.2d at 608.

■ In the end, I am convinced that my decision here upholds the delicate balance of these policy considerations, between the right of the individual litigant to the impartial disposition of any case in which he is involved, and the duty of the Court at the same time to insure the orderly and effective administration of justice. The defendants' affidavits lack legal sufficiency, and I must refuse to disqualify myself. I am guided in this regard by the sound precept that it is as much my obligation not to recuse myself when there is no occasion to do so, as there is to do so when there is. *In re: Union Leader Corp.*, 292 F. 2d 381, 391 (1st Cir. 1961).[11]

11. Note, the Memorandum of Mr. Justice Rehnquist in his denial of a Motion to recuse himself in *Laird v. Tatum*, 409 U.S. 824, 837, 93 S.Ct. 7, 15, 34 L.Ed.2d 50 (1972):

"Those federal courts of appeals that have considered the matter have unanimously concluded that a federal judge has a duty to *sit* where *not disqualified* which is equally as strong as the duty to *not sit* where disqualified." (citations omitted).

Defendant Pentronix has submitted a memorandum of law in support of its affidavit which asks that the Court take notice of the recent amendments to 28 U.S.C. § 455 (P.L. 93–512, December 5, 1974) which deal with judicial disqualification. It is as asserted that this amended statute sets forth a broader scope for potential disqualification than is provided for under § 144. In addition, it is urged that the Court reject the so-called "duty to sit" principle whereby a judge, faced with a close question on disqualification, should resolve the issue in favor of continuing to sit.

Since I have found that the formal affidavits filed are insufficient as a matter of law, and since this memorandum in no way can add to the factual allegations otherwise presented, I will comment only briefly.

First, the standard for disqualification under the 1974 amendments to § 455 provides for "an objective standard" whereby a judge should recuse himself "if there is a reasonable factual basis for doubting the judge's impartiality." House Report 93–1453, 3 U. S.Code Cong. and Admin.News 1974, p. 6355. This is indeed a change from the prior law under this section. In this case, however, I have found on the basis of the affidavits presented, that there is no reasonable factual basis alleged to support the charge of bias.

Second, the "duty to sit" principle, which is espoused in *Edwards v. United States*, 334 F.2d 366, 362, (5th Cir. 1964) (and which, in my view is wholly inapposite in this case since Judge Rives therein states that neither § 144 nor § 455 have any application to the situation which confronted him), comes into play admittedly only on a "close" question. The short answer here is that, under the well-established legal principles which have been discussed, I do not see this as a "close case."

Finally, although unnecessary in light of my foregoing comments, I have reviewed the legislative history of the recent amendments to § 455, and I do not agree with the defendant that they provide for a broader standard for disqualification for bias or prejudice than is presently embodied in 28 U.S.C. § 144. The following statements in the House Report on the new amendments are instructive, and in accord with much of what has been said in this opinion:

"In assessing the reasonableness of a challenge to his impartiality, each judge must

I have found that the affidavits on behalf of both parties are insufficient as a matter of law to require that I recuse myself and on that I rely for my decision. Nevertheless, I feel it is important to reassure the respective parties on both sides of this case, and their counsel, that this Court holds no bias or prejudice against or in favor of any party involved in this litigation. I have not yet prejudged the factual issues remaining to be decided, nor will I do so in any respect until the parties have the opportunity to present whatever evidence and argument they choose to offer, and the matters are properly submitted to the Court. This is my sworn duty, and I intend to, as I have in the past, fulfill it in the fullest measure to the best of my ability.

The requests of the defendants Pentronix and EMM that I disqualify myself will be denied and the affidavits of disqualification dismissed.

be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a reasonable basis. Nothing in this proposed legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants ought not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice." 3 U.S.Code Cong. and Admin.News 1974, at p. 6355.