UNITED STATES of America

v.

Arch A. MOORE, Jr., and William H. Loy, Defendants.

Crim. No. 75–189.

United States District Court,
S. D. West Virginia,
Charleston Division.

Jan. 9, 1976.

John A. Field, III, U. S. Atty., and Frank Joliffe, Asst. U. S. Atty., Charleston, W. Va., for plaintiff.

Stanley E. Preiser and John B. Carrico, Charleston, W. Va., for defendant Moore.

Edward W. Eardley, and Herbert G. Underwood, Charleston, W. Va., for defendant Loy.

## MEMORANDUM ORDER

KENNETH K. HALL, District Judge.

Upon the motions of defendants Arch A. Moore, Jr., and William H. Loy requiring this Judge to disqualify and recuse himself and upon the responses

filed thereto by the United States of America, the Court must consider the two statutes cited in support of the relief prayed for. These statutes are Title 28, United States Code, Section 144 and Section 455.

We consider Section 455 first. It reads as follows:

§ 455. Interest of justice or judge

Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

June 25, 1948, c. 646, 62 Stat. 908.

This section is addressed to the judge and requires him to disqualify himself if, in *his* opinion, it would be improper for him to sit on the trial. If this section had been applicable, I would have voluntarily disqualified myself long ago and there would have been no need for these motions. Therefore, this Court denies relief under Section 455.

We next consider Section 144 of Title 28. This is an entirely different matter and addresses itself to the state of mind of the defendant rather than that of the judge. That statute provides as follows:

§ 144. Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

June 25, 1948, c. 646, 62 Stat. 898; May 24, 1949, c. 139, § 65, 63 Stat. 99.

The statute must be *strictly construed* in order to safeguard the judiciary from frivolous attacks on its dignity. *United States v. Valenti,* 120 F.Supp. 80 (D.C.N.J.1954). Also, although a judge has a duty to refuse to sit when he is disqualified, he has an equally strong duty to sit when there is no valid reason for recusation. *Edwards v. United States,* 334 F.2d 360 (C.A.Fla. 1964), *cert. denied* 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702.

The defendants in this case have filed affidavits that I have a personal bias or prejudice against them and have stated facts and reasons for the belief that bias or prejudice exists. In addition, each affidavit is accompanied by a certificate of counsel stating that it is made in good faith. This Court also finds that the affidavits were filed with reasonable diligence.

The question presented for my consideration is *legal sufficiency* of the allegations contained in the affidavit. The question of the truth of such allegations is not before the Court. I might note here that the historical facts in the affidavits of which I have personal knowledge are, with one possible exception, basically true and I have no reason to doubt the truth of the historical allegations of which I have no knowledge.

The conclusions arrived at by the defendants in their allegations are not true. I have no prejudices against either defendant and there is no doubt in my mind whatever that the defendants would receive a fair trial in my Court.

My contacts with Governor Moore, though infrequent and few, have been cordial, even friendly. I do not recall having met Mr. Loy before his arraignment. The one questionable historical fact has to do with his consideration for

nomination as a federal judge. When inquiries were made of me by the American Bar Association about him, I said I did not know him, knew nothing bad about him, and hoped nothing bad turned up because we needed a judge.

In any event, I take no personal interest in any case in my Court and have no personal interest in this case.

■ The issue, however, is not whether I have biases and prejudices against these defendants, but whether the affidavits recite sufficient facts to support the allegations of bias and prejudice. That is to say, do the allegations contained in the affidavits provide a fair factual support for the belief that bias or prejudice exists. *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Bradley v. School Board of the City of Richmond, Va.,* 324 F.Supp. 439 (E.D.Va.1971).

This Court must consider whether the facts are such that if true would convince a reasonable person that bias and prejudice exists. *United States v. Thompson,* 483 F.2d 527 (3d Cir. 1973).

The three principal allegations, in pertinent part, are:

1. That I, prior to my becoming a federal judge, actively participated for many years in democrat party politics. Whereas the defendants during the same period of time were active participants in republican party politics.

2. That there is and for many years had been a close personal and political relationship between Senator Robert C. Byrd and myself and that Senator Byrd's political interests have been in the past and in the future may be in conflict with those of the affiants.

3. That defendants directly and openly opposed my nomination to the Federal Bench and did everything in their power to obtain the appointment of another candidate to fill the position.

■ As to the first allegation: The cases clearly state, and I hold, that the mere fact that defendants are of a different political faith, even though active in party affairs, is not a sufficient ground for recusation. The motion is denied on that ground.

■ The second and third allegations, however, if taken as true, as they must be, are a different matter and might cause a reasonable man to believe that bias and prejudice exists. This Court finds, therefore, that the affidavits filed by the defendants contain some allegations which are legally sufficient within the meaning of Section 144 to justify a determination that I disqualify myself as a judge in this case.

In anticipation of my ruling to recuse and having advised Chief Judge Clement Haynsworth to assign another judge to hear the proceedings herein, Judge Haynsworth has named Judge Joseph H. Young of the United States District Court of Maryland in Baltimore, Maryland, to preside in my stead.

In consideration of all of which, it is ordered that this case be transferred and assigned to the Honorable Joseph H. Young, United States District Judge for the District of Maryland, for the purpose of all further proceedings in this case. At the direction of Judge Young, it is ordered that the motion and trial schedule heretofore established by me, be adhered to. It is further ordered that I, Judge K. K. Hall, do hereby recuse and disqualify myself for the reasons set forth in this Memorandum Order.

The Clerk of the Court is directed to send certified copies of this Memorandum Order to the United States Attorney, John B. Carrico, Stanley E. Preiser, Edward W. Eardley, Herbert G. Underwood, and the Honorable Joseph H. Young.