Alice B. Dobson SIMONSON,
Administratrix of the Estate
of William H. Simonson

v.

GENERAL MOTORS CORPORATION.

Civ. A. No. 76–296.

United States District Court,
E. D. Pennsylvania.

Dec. 22, 1976.

Martin Heller, Philadelphia, Pa., for plaintiff.

George J. Lavin, Jr., Philadelphia, Pa., for defendant.

OPINION AND ORDER

FOGEL, District Judge.

This civil action, filed January 30, 1976, is a complex personal injury and products liability case, arising from the death of plaintiff's decedent in a motor vehicle accident in Michigan. The court file in the case is voluminous, since the parties have engaged in extensive and hard-fought discovery over the past year. The case is now in the final stages of trial preparation, with counsel facing a January 7, 1977 deadline for the filing of an extensive Final Pretrial Order, and with trial specially listed to commence on January 24, 1977.

Presently before the Court is a "Motion to Re-Assign Case," filed by plaintiff's counsel on December 7, 1976. Plaintiff alleges that Mr. Mark Shiffman, a law student, presently assigned to our Chambers as a judicial intern, is also employed as a legal intern by the defendant's law firm, and that such dual responsibilities create an appearance of impropriety which should be remedied by re-assignment of this case to another judge. Counsel for the defendant has informed the Court, by letter of December 7, 1976, that he does not oppose the plaintiff's motion. Notwithstanding defendant' lack of opposition to the motion, we have carefully explored the relevant considerations and have concluded that plaintiff's motion to re-assign the case should be denied; our reasons follow.

1. *Factual background of plaintiff's Motion for Re-Assignment.*

Although plaintiff's motion sets forth several allegations as to the details of Mr. Shiffman's so-called "dual employment," no affidavit has been submitted in support of those allegations, nor have we held a factual hearing on the issues raised by the motion. However, we believe that the materials which are presently before the court, including the allegations set forth in the motion itself, the facts stated in letters from defendant's counsel, and other facts within our own knowledge of which we may properly take judicial notice, enable us to

give plaintiff's motion a full and fair determination at this time.

Mr. Mark Shiffman is a third-year law student at Temple Law School, (Temple), Philadelphia, Pa. As part of its educational curriculum, Temple has established a program offering students the opportunity to advance their legal training through internships with judges and Federal Magistrates. When we were asked by the School to accept a law student as a judicial intern on a part-time volunteer basis, we agreed to participate in the program. The Law School then assigned Mr. Shiffman to our chambers; he spends one day per week with us, for which he receives academic credit at the Law School, but no compensation whatsoever from the U.S. District Court; he also receives certain related classroom instruction at the Law School.

Mr. Shiffman began working in our Chambers in September, 1976, and he is still working with us at the present time. He works under the direct supervision of the law clerks; his duties include legal research and the preparation of bench memoranda; his work is closely reviewed by the law clerks. In addition, he is expected to familiarize himself with the daily workings of the Court, through attendance at conferences, hearings, and trials. Shortly after Mr. Shiffman began his judicial internship, he informed us that he had spent the previous summer working as a legal intern for the Philadelphia law firm of Liebert, Short, Fitzpatrick, & Lavin, and that he was continuing to work for that firm on a part-time basis. In the case presently before us, the attorney for the defendant, General Motors Corporation, is George J. Lavin, Jr., Esq., a member of the law firm of Liebert, Short, Fitzpatrick & Lavin. As soon as we became aware of Mr. Shiffman's affiliation with that law firm, we swiftly took precautions to avoid any appearances of impropriety: *first,* we specifically instructed Mr. Shiffman that he was not to have any participation in this litigation, in his capacity as a judicial intern; *second,* we instructed our law clerks that they were not to give Mr. Shiffman any assignments related to

the instant litigation, nor were they to discuss the case with him; and *third,* we instructed Mr. Shiffman to make arrangements with the law firm, so that he would no longer be performing any legal services on this particular case, in his capacity as a legal intern for the law firm. We were subsequently informed by Mr. Shiffman that his supervising attorneys at the law firm had agreed that he should no longer receive assignments relating to any of the firm's cases pending before us.

Moreover, we determined that the details of this unusual situation should be fully explored with counsel for both parties. Consequently, at a settlement conference attended by counsel representing both the plaintiff and the defendant, we raised the matter on our own initiative. We assured counsel that Mr. Shiffman had had no contact with the litigation in our chambers, and that he would have none, and that in our judgment the conduct of the case would not be affected by Mr. Shiffman's presence as an intern here. Since plaintiff's counsel appeared somewhat uncomfortable with the entire situation, we requested that Mr. Lavin advise the court as to the exact extent of Mr. Shiffman's participation in his firm's preparation of the case. Mr. Lavin, responding by letter of November 30, 1976, stated in essence, that: (1) Mr. Shiffman was indeed employed by the firm as a legal intern, and had been so employed since June 1, 1976; (2) the only legal research which Mr. Shiffman had performed in connection with this case, was the preparation of a memorandum relating to a choice of laws issue; (3) Mr. Shiffman presumably familiarized himself with the law firm's file on the case, in order to prepare the memorandum; and (4) Mr. Shiffman accompanied another of the law firm's attorneys to a pre-trial conference on this case, held in our chambers on June 7, 1976, as part of the law firm's effort to expose him to federal pretrial procedures, (and not because Mr. Shiffman had any substantive contribution to make to the conference). It should be noted that Mr. Shiffman was not selected by Temple to serve as an intern until September, 1976. Although Mr. Lavin en-

closed, with his letter, a copy of the sole legal memorandum which Mr. Shiffman had prepared, we have chosen not to read that memorandum, and we have, instead, placed it in a sealed envelope. A review of the memorandum would not, at this point, contribute anything to our disposition of the pending motion. Mr. Lavin sent a copy of his letter, together with the enclosed memorandum, to plaintiff's counsel, Martin Heller, Esq.

2. *Basis upon which plaintiff seeks re-assignment.*

In response to Mr. Lavin's letter of November 30, plaintiff's counsel filed his Motion for Re-Assignment, on December 7, 1976. Plaintiff relies upon the following factors in support of the motion: (1) Mr. Shiffman's employment by the law firm of Liebert, Short, Fitzpatrick & Lavin; (2) Mr. Shiffman's review of the firm's file and his preparation of the memorandum of law, in his capacity as a legal intern with the law firm; (3) Mr. Shiffman's attendance at the June 7, 1976, pre-trial conference; and (4) Mr. Shiffman's presence in our chambers, as a judicial intern, one day a week. The motion concludes that, "the appearance of justice and impartiality requires that this case be re-assigned to another judge in this district for the aforementioned reasons." In an accompanying Memorandum of Law, plaintiff argues that "the interest of justice" and "the appearance of impartiality" could best be served by our re-assignment of the case; plaintiff is, however, quick to emphasize that *no suggestion of actual impropriety is raised by his motion;* plaintiff's counsel further acknowledges that he first became aware of Mr. Shiffman's dual responsibilities through the disclosure made by this Court, and that Mr. Lavin has voluntarily disclosed the extent of Mr. Shiffman's connection with the case.

By way of response to the plaintiff's motion, Mr. Lavin has informed the Court that he does not intend to file any document in opposition to the Motion, "in view of the nature of the Motion and Mr. Shiffman's employment by this firm." Mr. Lavin has not, however, joined in the plaintiff's Motion, stating instead that his client has instructed him to abide by the Court's ruling.

3. *Discussion of the merits of the motion.*

For purposes of ruling upon the plaintiff's Motion, we are willing to accept, as true, the factual allegations set forth in the Motion; there is no disagreement between the parties as to the fact of Mr. Shiffman's employment by the law firm, nor as to the scope of the work performed by him in the firm, in connection with this case. *However, we do not believe that the facts alleged by the plaintiff are sufficiently compelling to require that we recuse ourselves and re-assign the case to another judge.*

Although plaintiff has not cited any statutory or case authority which would compel re-assignment of this case, we will consider his motion within the framework of the two relevant federal statutes: *first,* 28 U.S.C. § 144, governing reassignment of cases due to bias or prejudice of a district court judge, and *second,* 28 U.S.C. § 455, governing the disqualification of judges. Section 455 provides, *inter alia,* that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"; in addition, this section provides for disqualification where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), § 455(b)(1). Under Section 144, a party must file an affidavit that, "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party"; where such an affidavit sets forth "sufficient" factual allegations, the section requires that another judge be assigned to hear the case.

A. *The Plaintiff has not shown bias or prejudice, under Section 144.*

██ We do not believe that plaintiff's motion is "sufficient", within the meaning of 28 U.S.C. § 144, to require recusal and reassignment. We note, as a threshold matter, that the motion does not allege, on its face, any "personal bias or prejudice" on the part of this judge; rather, the motion is

addressed only to the alleged appearance of impropriety, claimed to stem from the "dual employment" of Mr. Shiffman. Under Section 144, only specific factual allegations of personal bias or prejudice will suffice to disqualify a judge; the statute has been strictly construed, so as to safeguard the judiciary from frivolous attacks upon its dignity. *U. S. v. Moore*, 405 F.Supp. 771, 772 (S.D.W.Va.1976), *Sperry Rand Corporation v. Pentronix, Inc.*, 403 F.Supp. 367, 371–372 (E.D.Pa.1975). Plaintiff has filed neither the affidavit, nor the accompanying good faith certification, by counsel, which is required by the express terms of Section 144. The absence of these documents is a significant defect in a motion to disqualify a judge, *Walters v. U. S.*, 404 F.Supp. 996, 998 (S.D.N.Y.1975); we have, on a prior occasion, ruled that such procedural defects in themselves are ordinarily sufficient to defeat a motion for disqualification. *U. S. v. Clark*, 398 F.Supp. 341, 362 (E.D.Pa.1975), *aff'd*, 532 F.2d 748 (3d Cir. 1976).

 In the absence of the requisite affidavit, however, other courts on occasion have held that an assigned judge may recuse himself and have the case reassigned, solely as a matter of discretion. *See, e.g., Smith v. State of North Carolina*, 528 F.2d 807, 810 (4th Cir. 1975). Even as a matter of discretion, however, we do not believe that the factual situation before us requires recusal in this case. In the usual Section 144 determination, the sitting judge is presented with a party's affidavit and with counsel's good faith certification; the judge's task is to determine whether or not the factual allegations contained in the affidavit are legally sufficient to warrant recusal; he must accept the factual allegations as true, and is not permitted to inquire into their truth. *Sperry Rand Corporation v. Pentronix, Inc., supra*, at 369–370. Since, in the matter presently before us, we have no factual affidavit, we will, as noted, accept the factual allegations of plaintiff's motion as true. Yet, *even accepting those allegations as true, we conclude that plaintiff has not set forth a sufficient basis for recusal.* Considering all the circumstances of this case, we do not believe plaintiff's motion establishes a sufficient claim of "personal bias or prejudice" on the part of this judge. While we are sensitive to. the *conclusory allegation* of an "appearance of impropriety," that allegation alone is not sufficient to justify recusal under Section 144, *and is not, in any event, supported by the specific factual allegations of the plaintiff's motion.*

 Recusal and reassignment is not a matter to be lightly undertaken by a district judge. While, in proper cases, we have a duty to recuse ourselves, in cases such as the one before us, we have concomitant obligation *not* to recuse ourselves; absent a valid reason for recusal, there remains what has sometimes been termed a "duty to sit". *See, U. S. v. Moore, supra*, at 772; *Sperry Rand Corp. v. Pentronix, Inc., supra*, at 373.

B. *Disqualification under Section 455 is not warranted.*

 Similar considerations govern the issue of whether recusal might be justified under Section 455, as amended in 1974, which is arguably broader in its scope than Section 144. *But see, Sperry Rand Corporation v. Pentronix, Inc., supra*, at 373–374, fn. 11. The relevant portions of Section 455 call for disqualification in any case where a judge's "impartiality might reasonably be questioned," as well as where the judge has a "personal bias or prejudice," 28 U.S.C. §§ 455(a), 455(b)(1). No factual affidavits, or certifications of good faith, are required to justify recusal under Section 455. As applied to the matter before us, the governing issue is whether, under all the circumstances of this case, our own impartiality might reasonably be questioned; the standard is whether plaintiff has stated specific facts sufficient to convince a reasonable man that the judge possesses bias or prejudice, or could not be impartial. *See, Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir.), *cert. denied*, 423 U.S. 998, 96 S.Ct. 428, 46 L.Ed.2d 373 (1975); *U. S. v. Moore, supra*, at 733. Even employing this objective standard of "reasonableness," we are not satis-

fied that the factual situation presented to us calls for our disqualification, under the Section 455 standards.

Based upon our consideration of all the facts, we do not believe that a reasonable man could question our own impartiality in this litigation; we cannot see how Mr. Shiffman's presence in our chambers could possibly lead a reasonable man to question our ability to adjudicate the pending litigation fairly and without bias or prejudice to either party. It is also noteworthy that this case will be tried to a jury; hence that body will determine all factual matters.

While some courts have stated that the 1974 amendments to 28 U.S.C. § 455 were intended to overrule the "duty to sit" cases, *see, e.g. Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1052, (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976), other decisions suggest or imply that the "duty to sit" principle may have continuing vitality. *See, U. S. v. Moore, supra*, at 772; *Lazofsky v. Sommerset Bus Co., Inc.*, 389 F.Supp. 1041, 1044–45, (E.D.N.Y.1975). In any event, we are sensitive to the burdens which our recusal, and the consequent reassignment of the case, would place upon our colleagues in this district, particularly with the matter so close to trial. Recusal is not to be undertaken lightly, and, given all the circumstances presently before us, we are convinced that proper and reasonable grounds for disqualification have not been advanced by the plaintiff. An Order will be entered accordingly.