UNITED STATES of America, Plaintiff,

v.

Michael C. ANTONELLI, Defendant.

No. 78 CR 114.

United States District Court,
N.D. Illinois, E.D.

April 11, 1984.

Michael C. Antonelli, pro se.

## ORDER

BUA, District Judge.

Before the Court is defendant Michael C. Antonelli's motion to disqualify the Honorable Frank J. McGarr from presiding over pending and future hearings in this case on the grounds of personal bias and prejudice pursuant to 28 U.S.C. §§ 144 and 455(a). Defendant's motion was reassigned to this Court by order of the Executive Committee dated February 27, 1984. For the reasons stated below, defendant's motion is denied.

In his motion and supporting affidavit, Antonelli asserts essentially three grounds in support of his belief that Chief Judge McGarr's impartiality in this case might reasonably be questioned. First, Antonelli cites three statements allegedly attributable to Chief Judge McGarr. Second, Antonelli cites alleged delay by Chief Judge McGarr in ruling on defendant's motion for a new trial. Third, Antonelli cites an alleged *ex parte* and *in camera* communication between federal agents and Chief Judge McGarr.

■ For the purpose of determining the legal sufficiency of an affidavit in support of a motion to disqualify, the factual allegations must be accepted as true. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Zagari*, 419 F.Supp. 494, 500 (N.D.Calif. 1976). The judge, however, is presumed to be qualified, and there is a substantial burden upon the movant to show otherwise. *Zagari*, 419 F.Supp. at 501. The affidavit is strictly construed against the party seeking disqualification. *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972); *Zagari*, 419 F.Supp. at 501.

■ Two of the statements allegedly made by Chief Judge McGarr occurred during the course of judicial proceedings concerning Antonelli's case. The first statement was made during a bond revocation hearing where Chief Judge McGarr allegedly referred to Antonelli as "[t]he most viciously antisocial person who has ever come before me." Defendant's Motion, ¶ 4. The second statement was allegedly made during Antonelli's second sentencing hearing. There, Chief Judge McGarr allegedly remarked that "[s]ociety has been too lenient with you up to this point." *Id.* at ¶ 6.

Antonelli, however, has failed to sustain his burden of demonstrating personal bias or prejudice based on these allegations. Bias or prejudice sufficient to require disqualification "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the

case." *Ma v. Community Bank*, 686 F.2d 459, 472 (7th Cir.1982) (*quoting United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). *See also United States v. English*, 501 F.2d 1254, 1263 (7th Cir.1974). The alleged statements do not suggest that Chief Judge McGarr had access to any "extrajudicial" information regarding Antonelli. Like in *United States v. Board of School Commissioners*, 503 F.2d 68 (7th Cir.1974), the alleged remarks were "derived from proceedings had before the court, and not on attitudes or conceptions that were formed outside the courtroom...." *Id.* at 81. As such, Antonelli has failed to articulate grounds for disqualification based on Chief Judge McGarr's alleged remarks from the bench. *See also Sperry Rand Corp. v. Pentronix, Inc.*, 403 F.Supp. 367, 371–73 (E.D.Pa.1975).

■ The third statement cited by Antonelli in support of his motion was allegedly made by Chief Judge McGarr during a speech before the Federal Bar Association in Chicago on February 9, 1984. Antonelli charges that Chief Judge McGarr referred to prisoners litigating *pro se* as "psychopaths." Defendant's Motion, at ¶ 11. A judge, however, may express his indignation over civil rights matters before a public audience, so long as the remarks do not refer to parties before the court. *See Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 388 F.Supp. 155 (E.D.Pa.1974). *See also United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir.1976). Antonelli has alleged no facts which suggest that Chief Judge McGarr's alleged statements before the Federal Bar Association evidence a personal animosity against Antonelli. *Cf. Mims v. Shapp*, 541 F.2d 415 (3d Cir.1976). Neither will this Court infer that such animosity exists.

■ In addition to the alleged statements, Antonelli charges that Chief Judge McGarr should be disqualified because of an alleged *ex parte* and *in camera* communication between federal agents and the judge. Antonelli, however, fails to indicate when the alleged conversations took place, who was present during the conversations, or the source of Antonelli's knowledge that such conversations ever occurred. Neither does Antonelli cite when he first learned of the alleged conversation so that this Court may determine whether his motion to disqualify is timely. Without such facts, Antonelli's motion based upon an alleged *ex parte* communication is legally insufficient. *See United States v. Haldeman*, 559 F.2d 31, 134 (D.C.Cir.1976); *Sperry Rand Corp. v. Pentronix, Inc.*, 403 F.Supp. 367, 371 (E.D.Pa.1975); *United States v. Partin*, 312 F.Supp. 1355, 1359 (E.D.La.1970). Furthermore, Antonelli's contentions, apparently based on unsupported hearsay, are insufficient to warrant disqualification. *Roussel v. Tidelands Capital Corp.*, 438 F.Supp. 684, 690 (N.D.Ala.1977); *United States v. Partin*, 312 F.Supp. 1355 (E.D.La. 1970).

■ The third ground for disqualification asserted by Antonelli concerns Chief Judge McGarr's alleged delay in ruling on Antonelli's motion for a new trial. Antonelli claims that the fact that his motion has been pending "over 3½ years" is additional evidence of Chief Judge McGarr's personal bias and prejudice in this case. Given, however, the fact that Antonelli did not file a memoranda in support of his motion for a new trial until over three years after his motion was filed, it is difficult, at best, to attribute blame to Chief Judge McGarr for the 3½-year delay. Even assuming, however, that the delay can be attributable to Chief Judge McGarr, such delay is insufficient to establish personal bias or prejudice under 28 U.S.C. § 144. *Curl v. International Business Machines Corp.*, 517 F.2d 212, 214 (5th Cir.1975).

## CONCLUSION

Defendant has failed to sustain his burden under 28 U.S.C. §§ 144 and 455(a). Defendant's motion to disqualify the Honorable Frank J. McGarr is therefore denied.

IT IS SO ORDERED.