**UNITED STATES of America**

**v.**

**Evan Alexander THOMPSON,**
**Appellant.**

**No. 72–2024.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
March 22, 1973.

Decided June 20, 1973.

John David Egnal, Egnal & Egnal, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Carmen C. Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge and ALDISERT and ADAMS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Defendant appeals his conviction by a jury and a resulting thirty month sentence for violations of the Selective Service Act.

About a month before trial, the defendant filed an affidavit under 28 U.S. C. § 144 (1970) seeking to disqualify the district judge for personal bias against him. In his affidavit, he characterized himself as a black militant. He stated his refusal to cooperate with the Selective Service System was because as a black man, he viewed the Armed Forces as the racist arm of an imperialistic nation. Additionally, he attached to his affidavit a copy of another affidavit filed by an attorney in a separate Selective Service case tried before the same judge. That attorney's affidavit recited:

[D]uring a conversation with the [judge] in his chambers, that [judge] stated that in cases of Selective Service violation, it is his policy to sentence all violators to thirty (30) months in prison if they are good people. [The judge] also stated that the only time that he sentenced to a greater period of time was in the case of a black militant and that he sentenced him to four and one-half (4½) years.

The defendant's motion to disqualify was denied from the bench.

This court recently determined this same judge committed error in refusing to disqualify himself in a case involving a conscientious objector. United States v. Townsend, 478 F.2d 1072, (3d Cir. 1973). Since defendant does not contend he is a conscientious objector, *Townsend* is not directly controlling. We must, therefore, turn to a consideration of whether this defendant's affidavit is sufficient under the statute.

▆ In an affidavit of bias, the affiant has the burden of making a threefold showing:

1. The facts must be material and stated with particularity;

2. The facts must be such that, if true they would convince a reasonable man that a bias exists.[1]

3. The facts must show the bias is personal, as opposed to judicial, in nature.

We think defendant's affidavit alleges the material facts with the requisite particularity. Indeed, the Government does not contend to the contrary.

We next must examine the facts alleged in this affidavit to determine if they are sufficient to convince a reasonable man that the judge had a relevant bias. After evaluating this affidavit, we believe a reasonable man would conclude on the facts stated therein that the district judge had a special bias against defendant as one of those convicted of violating the Selective Service laws. The affidavit alleges the judge has stated he sentences all those convicted of violations of those laws to at least thirty months in jail no matter how "good" they are. This is despite the fact that a prison sentence upon conviction is not mandatory.

▆ We do not mean to suggest that the allegations, if true, had the potential

---

1. Under the statute, the judge must accept for purposes of the motion that all facts stated in the affidavit are true. Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). Therefore, for purposes of this opinion, we similarly must treat all the facts alleged as true. However, in so doing, we do not intend to express any opinion as to the actual truth of the facts alleged.

of affecting the fairness of the proceeding up until the rendering of the verdict. However, under § 144 a defendant is entitled to trial before a judge who is not biased against him at any point of the trial and, indeed, most importantly, at sentencing.

The district judge is vested with considerable discretion in the sentencing of convicted defendants. In order that he may make an informed use of this discretion, Fed.R.Crim.P. 32(c) (1971) requires a presentence report in each case. Further, Fed.R.Crim.P. 32(a) requires the court, before imposing sentence, to permit a defendant to make a statement on his own behalf and to present information which might give cause for mitigation of punishment. A fixed view as to sentencing is thus inconsistent with the discretion vested in the trial judge that he may fulfill his mandate to tailor the sentence imposed to the circumstances surrounding each individual defendant,[2] and frustrates the operation of those rules set up to effect such a result.

Finally, we are satisfied that the facts show that the allegations of bias was personal in the sense that it was directed against appellant as a member of a class charged with violation of Selective Service laws. It was not an allegation of judicial bias in favor of a particular legal principle. Neither was it an allegation of judicial bias based upon legal rulings by the judge adverse to defendant. *See Ex Parte American Steel Barrel Co.,* 230 U.S. 35, 33 S.Ct. 1007, 57 L. Ed. 1379 (1913).

The distinction is important, for an allegation of "personal" bias is a proper basis for disqualification; an allegation of "judicial" bias is not. Defendant does not suggest that the personal bias of the judge arose from a prejudgment of the facts in the case before him. Rather, the alleged bias was di-

rected against a class. We think the personal bias alleged was of such a nature and intensity to prevent the defendant, when convicted, from obtaining a sentence uninfluenced by the court's prejudgment concerning Selective Service violators generally. Such an allegation against a class is sufficient under the statute. *See Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed.2d 481 (1921). Therefore, we conclude that the judge should not have presided at defendant's trial.

We need not consider whether the allegation of prejudice against black militants was sufficient for disqualification of the judge under the statute. Nor, in view of our ruling, need we rule on the other issues posed.

The judgment of conviction will be reversed and the case remanded for assignment to a different judge for a new trial.

ADAMS, Circuit Judge (dissenting).

The majority opinion states that an affidavit alleging bias on the part of a trial judge must show, *inter alia,* that "the bias is personal, as opposed to judicial, in nature." My dissent is prompted by what I believe to be the majority's misinterpretation or misapplication of that standard.

The central facts in this case are not in dispute. Defendant was indicted for wilfully refusing to report for induction. He was tried to a jury, convicted, and sentenced by the trial judge to thirty months' imprisonment. At no point in the proceeding has it been alleged that the defendant sought or had been denied conscientious objector status.[1] Moreover, the defendant does not contend that the judge showed any prejudice towards him in the actual conduct of the trial.

Prior to his trial, defendant had unsuccessfully moved to have the trial

2. *See* United States v. Daniels, 446 F.2d 967 (6th Cir. 1971) ; *cf.* Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

1. *Compare* United States v. Townsend, No. 72–1240, 478 F.2d 1072 (3d Cir. 1973).

judge disqualify himself on the basis of prejudice. In support of his motion, the defendant submitted an affidavit pursuant to 28 U.S.C. § 144. The affidavit alleged that the defendant had learned from his attorney of the bias and prejudice of the trial judge. The information upon which this assertion was based was an affidavit submitted in an earlier case, United States v. Townsend,[2] heard by the same trial judge. The basic allegation of these several affidavits is that the trial judge had stated, in chambers, that:

> "in cases of Selective Service violation, it is his policy to sentence all violators to thirty (30) months in prison if they are good people. [The judge] also stated that the only time he sentenced to a greater period of time was in the case of a black militant and that he sentenced him to four and one-half (4½) years."

Defendant contended in his motion to disqualify, and on appeal in this Court, that this allegation sets forth a personal bias held by the judge against the defendant both as a Selective Service violator and as a black militant. The majority, holding that the statement that the judge as a policy sentences all Selective Service violators to thirty months showed personal bias, remands the case for a new trial before a different judge. I believe that the affidavit does not show personal bias and therefore dissent from the majority's decision.

The statute addressed to recusation, 28 U.S.C. § 144, prescribes a pattern in which a party's allegation of prejudice, if legally sufficient, must be accepted without opportunity for the judge to dispute the facts alleged or contest the innuendo in which the party may wrap the facts. Under the procedure set forth by the statute, the judge must stand mute. With so much power thus placed in the hands of a party, it becomes necessary to circumscribe carefully the types of allegations which may be deemed sufficient to justify disqualification, lest a party may by an affidavit go "judge-shopping," a practice not approved in modern judicial administration. The majority has set forth a tripartite test that attempts to accomplish this narrowing. Though I agree with the verbalization of the test, if the third element of the standard is interpreted as the majority does, I fear the test would fail its purpose.

The majority states:

> "3. The facts must show the bias is personal, as opposed to judicial, in nature."

To show that the bias is personal not judicial, the majority holds that the bias must be against a class comprised of Selective Service violators. To me, this seems a misapprehension of the terms personal bias and judicial bias. The common characteristic of the class which includes the defendant is its involvement with and conviction for violation of the Selective Service laws. The very definition of the class is judicial and legal. Against this may be contrasted a class whose unifying trait is extraneous to the judicial process. Examples abound: a prejudice against women, a bias against long-haired youths, a bent against orientals.

Indeed the case most relied on by the majority, Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), clearly illustrates this type of bias against a class. In *Berger*, several of the defendants were born either in Germany or Austria or were of immediate German extraction. The trial judge presumably inspired by the virulent anti-German atmosphere during World War I, had made statements which defamed and condemned as disloyal German-Americans. The Supreme Court held that the affidavit reciting these facts was sufficient to show personal bias requiring recusal.

2. No. 72–1240, 478 F.2d 1072 (3d Cir. 1973).

To include within the term personal bias a class whose only common characteristic is that they have been adjudged in violation of a law is to distort or obliterate the distinction the majority has articulated in the enunciation of the three-pronged test.[3]

The majority, holding that the allegation of uniform thirty-month sentencing, is indicative of personal bias against Selective Service violators, does not address the defendant's second assertion that the judge is biased against black militants. In view of the thirty-month sentence received by the defendant, it can hardly be argued that, in sentencing, the judge in any way dealt less fairly with this defendant because the defendant might be considered a black militant.[4]

For these reasons, I respectfully dissent from the majority's holding that the defendant is entitled to a new trial because the original trial judge erred in not recusing himself.[5]

Having stated my disagreement with the majority, I, nevertheless, must express my disquiet with the result I would reach in this Selective Service case, a type of case which remains as a troubling vestige of the Vietnam War. I am not convinced that a policy of uniformly imprisoning those who have refused to report for induction is necessarily the optimal course. However, these considerations cannot be allowed to deflect the proper resolution of this case. Therefore, I would affirm the conviction.

---

3. A limited application of the majority's test seems especially appropriate in a situation in which the facts alleged in the affidavit supporting the disqualification are double or triple hearsay.

4. The majority opinion indicates that the only danger perceived was the danger of unfair sentencing. "We do not mean to suggest that the allegations, if true, had the potential of affecting the fairness of the proceeding up until the rendering of the verdict." Assuming that this state-

ment is correct, the only disadvantage which any defendant before this trial judge faces is that of a "biased" sentence. Therefore, it is appropriate to limit the focus to the sentencing proceedings.

5. The defendant argues, on this appeal, that the trial judge erred both in the conduct of the trial and in refusing to find that the defendant's induction date was illegally accelerated. Upon review of these contentions, I would hold that they are without merit.