

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# USA v. Kuchler

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Kuchler" (2008). *2008 Decisions.* Paper 669.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/669

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4129
_____

UNITED STATES OF AMERICA

v.

GEORGE ROBERT KUCHLER,
                              Appellant.


_____

On Appeal from the United States District Court
for the District of Middle Pennsylvania
(D.C. Crim. No. 07-00034)
District Judge: Honorable Christopher C. Connor
_____

Argued on July 24, 2008

Before: MCKEE, FUENTES and WEIS, <u>Circuit Judges</u>.

(Filed:  August 12, 2008)
_____


Gordon A. Zubrod, Esq.              [ARGUED]
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA  17108
*Attorney for Appellee*
*United States of America*


(*continued*)

Ronald A. Krauss, Esq.  [ARGUED]
Office of Federal Public Defender
Suite 306
100 Chesnut Street
Harrisburg, PA  17101

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

George Kuchler pled guilty to receipt of child pornography, and was sentenced to, inter alia, a lifetime term of supervised release.  Kuchler claims that the term is unreasonable because it is more severe than supervised release terms imposed on other defendants convicted of the same offense.  For the reasons that follow, we find that the District Court did not abuse its discretion when it imposed a lifetime term of supervised release, and we will affirm.

**I.**

Federal agents conducted an investigation in 2001 into credit card verification services that served websites related to child pornography.  A search warrant executed in connection with that investigation turned up customer lists for the websites in question.  One of the lists indicated that Kuchler had used his credit card a number of times to pay for websites that sold child pornography.

The federal agents subsequently launched a sting operation.  They mailed Kuchler a solicitation for a mail order video service that sold child pornography.  Kuchler sent in a

2

request for certain videos and was mailed an order form, which he returned with an order for five videos – three of which constituted child pornography – and payment. On November 1, 2006, the agents delivered the videos to Kuchler's post office box, and then arrested Kuchler once he had retrieved the videos.

Kuchler waived his Miranda rights and confessed to knowingly possessing and receiving child pornography. He gave a statement to the police in which he admitted that he searched the Internet for child pornography; that he often viewed photographs of child pornography; that he enjoyed reading stories about incest; the he masturbated one to three times per day to child pornography and/or to stories about incest; and that he had previously used his credit card to purchase child pornography on the Internet. He subsequently entered a plea agreement, whereby he agreed to plead guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2)(A) in exchange for a term of imprisonment and supervised release.

At sentencing, the District Court adopted the findings contained in the presentence report ("PSR").[1] These findings included the fact that Kuchler had at least one picture of child pornography, and possibly as many as five pictures, on his computer that the time that his apartment was searched in connection with his arrest. The District Court also adopted the PSR's conclusion that Kuchler's base offense level was a 28 with a criminal

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

history category of I. This combination resulted in an advisory Guidelines sentence of 78-97 months, and a recommended supervised release term of life.

Kuchler sought both a downward departure and a variance for the sentence and further argued that a supervised release term of life was unreasonable; the District Court denied the requests and rejected Kuchler's argument with regard to the supervised release term. The District Court ultimately sentenced Kuchler to 78 months in prison and a lifetime term of supervised release.

Kuchler entered a timely appeal; he does not challenge his sentence or the conditions of his release, but argues only that the District Court's decision to impose a supervised release term of life was unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291.

**II.**

We have held that the duration of a term of supervised release imposed by a District Court is reviewed under the same standard as is a condition of supervised release. See United States v. Voelker, 489 F.3d 139, 143-44 (3d Cir. 2007) (finding that the "discussion of the propriety of the conditions imposed on [a] term [of supervised release] applies to duration of the term with equal force."). As we review conditions of supervised release for abuse of discretion, it follows that we review the term of supervised release for abuse of discretion as well. Id. at 143 n.1 (citing United States v. Crandon, 173 F.3d 122, 127 (3d Cir. 1999)). To determine whether a district court has

properly exercised its discretion, we look to see if a condition of supervised release – and by extension, the term of supervised release – has met two criteria. First, the term must be "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D); that is, the District Court may consider the "nature and circumstances of the offense and the history and characteristics of the defendant[] and [] the need for the condition to deter future criminal conduct, protect the public, and provide the defendant with necessary training, medical care, or other correctional treatment." United States v. Smith, 445 F.3d 713, 717-18 (3d Cir. 2006) (quoting United States v. Loy, 237 F.3d 251, 256 (3d Cir. 1999)). Second, the term "must involve no greater deprivation of liberty than is reasonably necessary to achieve the deterrence, public protection and/or correctional treatment for which it is imposed." Id. at 718 (quoting Loy, 237 F.3d at 256).

Moreover, we must be "satisfied" that the District Court "exercised its discretion by considering the relevant factors." Id. at 716 (quoting United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006)). Such consideration must be "meaningful," but the District Court "need not discuss every argument made by a litigant if an argument is clearly without merit," nor must a District Court making findings specific to "each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Id. (quoting Cooper, 437 F.3d at 329).

**III.**

5

Kuchler's conviction carries a mandatory 5-year minimum term of supervised release pursuant to 18 U.S.C. § 3583(k), and a maximum supervised release term of life. The Guidelines Policy Statement at U.S.S.G. § 5D1.2(b) states that if the instant offense of conviction is a sex offense, the statutory maximum term of supervised release is recommended. Therefore, the advisory Guidelines recommendation for supervised release in this case was life.

As noted above, Kuchler's only argument on appeal is that the District Court's decision to impose a supervised release term of life was unreasonable. Kuchler contends that the term is unreasonable because it is a more severe sentence than other defendants who have also been convicted of possession of child pornography, so that there exists an "unwarranted sentence disparit[y] among defendants with similar records who have been found guilty of similar conduct" in violation of 18 U.S.C. § 3553(a)(6). Appellant's Br. at 9. Kuchler points specifically to an unpublished opinion, United States v. Kosteniuk, No. 06-3178, 2007 WL 2980801 (3d Cir. 2007), where we found reasonable the imposition of a seven-year term of supervised release for a defendant who had plead guilty to two counts of receipt and possession of child pornography. Kuchler contends that because his "aggravating factors" are "less severe" than those in Kosteniuk, and because a seven-year term of supervised release was reasonable in that case, it must follow that a lifetime term of supervised release here is unreasonable. Appellant's Br. at 11.

Kuchler's argument has two fatal flaws. First, the appeal in Kosteniuk was a defense appeal, so that the only issue before the Court was whether the seven-year term of supervised release imposed in that case was reasonable. We did not consider whether a District Court, on those same facts, would have been within its discretion to impose a more lengthy term of supervised release.

Second, Kuchler cannot rely on 18 U.S.C. § 3553(a)(6) to contend that his sentence was unreasonable because a different district court, confronted with a different defendant in a different case with a different set of facts, decided to impose a different sentence. As we recently explained, in rejecting a similar argument premised on 18 U.S.C. § 3553(a)(6),

> [t]hat [a defendant] can find another case where a defendant charged with a somewhat similar crime and facing the same advisory sentencing range received a sentence outside of the applicable sentencing range does not make [this defendant's] within-Guidelines sentence unreasonable. If that were the law, any sentence outside of the Guidelines range would set precedent for all future similarly convicted defendants. This is not, and cannot be, the law. Although a similar sentence might also be reasonable here, that does not make [this defendant's] sentence unreasonable.

United States v. Jimenez, 513 F.3d 62, 91 (3d Cir. 2008). Here, both Kuchler and Kosteniuk received terms of supervised release that were within the Guidelines range, but the same logic applies. That one district court chose to impose a more stringent within-Guidelines sentence than another in two completely different cases is not problematic; it is the nature of our system, which provides district courts with the discretion to consider the § 3553(a) factors in the context of a specific case and to reach a decision based on the

7

facts and circumstances of that case. Such a decision is not an abuse of discretion if the judge followed the proper sentencing procedures and if the resulting sentence is reasonable.

Consequently, the only analysis we must engage in to determine whether a lifetime term of supervised release is appropriate in this case is to determine whether the District Court properly exercised its discretion by giving "meaningful" consideration to the "relevant factors." Smith, 445 F.3d at 716 (quoting Cooper, 437 F.3d at 329 (3d Cir. 2006)). As noted above, this analysis involves a determination of whether the District Court met two criteria for reasonableness that specifically apply to supervised release: whether the term of supervised release is "reasonably related" to the factors set forth in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D), and whether it involves "no greater deprivation of liberty than is reasonably necessary to achieve the deterrence, public protection and/or correctional treatment for which it is imposed." Id. at 716-18. The legislative history surrounding the enactment of Section 3583(k) indicates that "Congress explicitly recognized the high rate of recidivism in convicted sex offenders" and that this concern motivated the policy decision that the recommended Guidelines supervised release term for sex offenders be life. United States v. Perrin, 478 F.3d 672, 676 (5th Cir. 2007) (quoting United States v. Allison, 447 F.3d 402, 406 (5th Cir. 2006) (citing in turn 18 U.S.C. § 3583(k); H.R.Rep. No. 108-66, reprinted in 2003 U.S.C.C.A.N. 683 (2003) (conf. report))).

On the "reasonably related" question, we find that the District Court conducted an appropriate § 3553(a) analysis.  It explained the factors played out in this particular case: Kuchler had admitted to viewing child pornography repeatedly over the previous ten years; Kuchler had expressed a desire to receive help but had been unable to change his behavior; Kuchler had four prior convictions for drug and alcohol possession that suggested that Kuchler had an addictive personality; in addition to the videos Kuchler had purchased as part of the sting operation, Kuchler had viewed child pornography extensively online; and Kuchler had admitted to purchasing other child pornography in the past.  (J.A. 72-73.)  The District Court also noted the appropriate term of supervised release by adopting the findings and Guidelines calculations of the presentence report in their entirety.

On the "not more than necessary ... to achieve [] deterrence [and] public protection" question, Smith, 445 F.3d at 718, the District Court first emphasized that the need to protect the public from people who view child pornography "cannot be understated," and then explains that it was "very concerned about recidivism" in this case both because Kuchler appeared unable to change his behavior (which, by his own admission, stretched over 10 years) despite recognizing it was wrong, and because Kuchler had four prior convictions for alcohol or drug-related offenses that suggest Kuchler has an "addictive personality."  (J.A. 72-73.) The District Court also stressed that

9

Kuchler used the Internet many times to access child pornography and there was a need to "afford adequate deterrence to [such] criminal conduct." (J.A. 73.)

Therefore, we conclude that the District Court's decision to impose a lifetime term of supervised release in this case was not an abuse of discretion.[2]

## IV.

For the foregoing reasons, we affirm the judgment of the District Court.

---

[2] We caution that even when a given term of supervised release term is strongly recommended by the Guidelines, district courts should refrain from imposing that recommended term blindly and without careful consideration of the specific facts and circumstances of the case before it. As we have held,

> [a] district judge is vested with considerable discretion in the sentencing of convicted defendants. In order that he [or she] may make an informed use of this discretion, Fed. R. Crim. P. 32(c) requires a presentence report in each case. Further, Fed. R. Crim. P. 32(a) requires the court, before imposing sentence, to permit a defendant to make a statement on his own behalf and to present information which might give cause for mitigation of punishment. A fixed view as to sentencing is thus inconsistent with the discretion vested in the trial judge that he may fulfill his mandate to tailor the sentence imposed to the circumstances surrounding each individual defendant, and frustrates the operation of those rules set up to effect such a result.

United States v. Thompson, 483 F.2d 527, 529 (3d Cir. 1973) (emphasis added).