ALD-056                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4153
_____

IN RE: JAY BERGER,
                                            Petitioner
_____

On a Petition for Writ of Mandamus from
United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 07-cr-00155 )
_____

Submitted Pursuant to Fed. R. App. Pro. 21
December 2, 2010

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed December 13, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Petitioner Jay Berger pleaded guilty in United States District Court for the Eastern

District of Pennsylvania to a one-count Information charging him with mail fraud

affecting a financial institution in violation of 18 U.S.C. § 1341.  The government alleged

that Berger fraudulently handled settlements for mortgage refinancing, causing losses to

financial institutions and finance companies, homeowners and title insurance companies.

In April, 2008 and just prior to sentencing, Berger's case was "reassigned at random pursuant to Local Rule 3(a) of the Local Rules of Criminal Procedure" by Chief Judge Harvey Bartle III from District Judge Marvin Katz to District Judge Michael Baylson.

On June 26, 2008, Judge Baylson sentenced Berger to a term of imprisonment of 78 months, to be followed by 5 years of supervised release, and he was ordered to make restitution. Judge Baylson did not think that Berger showed true remorse. He stated:

> [T]he evidence seems to be fairly strong that he was just trying to make a better deal for a long period of time, without recognizing and coming to terms with his criminality and providing restitution and recovery to his victims. And that's something that appears to have come belatedly. His conduct in filing for bankruptcy … three times, for someone who's legally trained, with this kind of experience in the mortgage industry, the real estate industry, to me shows that he was trying to game the system and use it for his personal advantage. And now he's coming in here and expecting sympathy and remorse, and I'm not going to buy it. This is a case, frankly, Mr. Berger, that, in some respects, calls for a sentence above the Guideline range, but I'm not going to do that because the Guidelines are a test of what is given to similar defendants in similar situations. You don't have any criminal record. I didn't give you any advanced notice that I was going to go above the Guidelines, so I'm not going to do it. But I just don't find any reason to go below the Guidelines.

(N.T., 6/2/08, at 65-66.)

Berger executed a waiver of all appeals in pleading guilty before Judge Katz. Nevertheless, he obtained new counsel and appealed his sentence, see C.A. No. 08-2763. The government filed a motion to enforce the appellate waiver and for summary affirmance. In his counseled response to the government's motion, Berger argued that a 78-month sentence for a 56 year-old first time offender amounted to a miscarriage of

2

justice. We rejected this argument, granted the government's motion, and dismissed the appeal.

Berger then filed a motion pro se to disqualify Judge Baylson under 28 U.S.C. § 455(b) and § 144 on the ground that he prosecuted white collar crime as the former United States Attorney in the Eastern District, and allegedly expressed bias at the sentencing hearing. Berger also filed a motion pro se to vacate sentence pursuant to 28 U.S.C. § 2255, in which he claimed that his plea was not knowing and voluntary and his counsel was ineffective for advising him to plead guilty. Judge Baylson denied the disqualification motion, and the government moved to dismiss the section 2255 motion and to enforce the collateral appellate waiver. In an order entered on May 19, 2010, Judge Baylson granted the government's motion to enforce the waiver and declined to issue a certificate of appealability.

Berger appealed and applied for a certificate of appealability in this Court. On November 4, 2010, we denied the request for a certificate of appealability, stating: "Appellant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and he has not established that enforcing the waiver would work a miscarriage of justice." United States v. Berger, C.A. No. 10-2565 (3d Cir. November 4, 2010) (Order).

Meanwhile, on October 26, 2010, Berger filed a petition for writ of mandamus in this Court, seeking the recusal or disqualification of Judge Baylson. He contends that the reassignment of his criminal case to Judge Baylson was improper and tainted, and he

3

bases this allegation on Judge Baylson's statement in his May 19, 2010 Order that the case was reassigned because Judge Katz retired from duty. In fact, Berger asserts, Judge Katz did not retire. Moreover, Judge Baylson failed to rule upon his motion for appointment of counsel prior to enforcing the waiver.[1] In a separate motion Berger has argued that he has shown good cause for discovery on his claim of judicial bias under Bracy v. Gramley, 520 U.S. 899 (1997), and Rule 6(a) of the Rules Governing Section 2255 Motions.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." But a writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). In addition, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." In re: Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006) (internal quotations removed).

---

[1] Berger also contends that Judge Baylson did not rule on a motion for reconsideration, for injunctive relief and for a writ of mandamus, but the district court docket reflects that this motion was denied on November 3, 2010.

4

Even if we assume that Berger has no other adequate means to disqualify Judge Baylson from his criminal case, see, e.g., Will v. United States, 389 U.S. 90, 95-96 (1967) (mandamus may be used in federal courts to confine inferior court to lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it has a duty to do so), a potentially difficult question that would require us to address whether Berger waived mandamus review of a claim of judicial bias and whether any such waiver is enforceable,[2] he plainly has not shown that he has a clear and indisputable right to the writ or that we should exercise our discretion in his favor.

Section 455(a) of title 28 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455. Berger must show that section 455(b) clearly and indisputably, see Haines, 975 F.2d at 89, requires Judge Baylson's disqualification. If not, we are not required to issue a writ of mandamus directing him to recuse himself. In re: School Asbestos Litigation, 977 F.2d 764, 778 (3d Cir. 1992).

---

[2] With certain exceptions not relevant here, Berger waived his right to attack his conviction and sentence and "*any other matter relating to this prosecution*, whether such right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or *any other provision of law*," Plea Agreement, at ¶ 11 (emphasis added). During plea proceedings, Judge Katz reviewed the appeal waiver provision with Berger, who is a lawyer, and Berger knowingly and voluntarily agreed to the waiver and did not reserve any issues.

We are satisfied that Berger's allegations against Judge Baylson do not provide a basis for disqualification either because Judge Baylson's impartiality might reasonably be questioned or because he is biased. Berger's allegations do not call into question Judge Baylson's ability to impartially determine the issues raised in Berger's prosecution. Judge Baylson was not responsible for the reassignment of Berger's case, and thus his statement about Judge Katz's retirement status is not relevant.[3] Moreover, the statutory maximum for Berger's crime was 30 years' imprisonment. With a total offense level of 26 and a Category I criminal history, his advisory Guidelines range was 63-78 months. Judge Baylson's sentence of 78 months was within the advisory Guidelines range and well below the statutory maximum. Judge Baylson did not depart upward from the advisory Guidelines even though he may not have been satisfied with Berger's level of remorse. There is no evidence of bias in these circumstances. See Liteky v. United States, 510 U.S. 540, 550-51 (1994) (judge is not recusable for bias or prejudice where his knowledge and negative opinion were acquired during the course of proceedings). See also Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal). With respect to 28 U.S.C. § 144, Berger's "declaration," or affidavit, does not show bias that is personal in nature, see United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

---

[3] We note that Judge Katz passed away on October 12, 2010.

Last, because Berger challenged the validity of the appellate waiver on direct appeal with the assistance of counsel, we see no abuse of discretion or error of law in Judge Baylson's decision not to appoint counsel for Berger prior to enforcing the waiver in the section 2255 proceedings.

For the foregoing reasons, we will deny the petition for writ of mandamus. Berger has not shown good cause for discovery, see Bracy, 520 U.S. at 908-09, and thus his motion for discovery also is denied.