BLD-088                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4255
_____

IN RE:  MICHAEL JOHN PISKANIN, JR.,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. PA. Civ. No. 10-cv-05259)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

January 13, 2011

Before:  SLOVITER, JORDAN and GREENWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 20, 2011)
_____

OPINION
_____

PER CURIAM

Michael J. Piskanin submitted a complaint and a motion to proceed in forma

pauperis ("IFP") in the United States District Court for the Eastern District of

Pennsylvania.  The District Court denied his motion to proceed IFP without prejudice

because Piskanin had failed to file a certified copy of his prisoner account statement for

the six-month period prior to the filing date.  The Court explained that the inmate

monthly account statement Piskanin had submitted was not sufficient as it did not provide

information for the entire six-month period.

Piskanin then filed this petition for a writ of mandamus. Piskanin seeks to have this Court issue a mandamus order to the District Court judge, directing him "to Recuse and abstain from involvement in or influencing any and all actions in the federal courts involving petitioner," including the action docketed at E.D. Pa. 10-CV-05259. The petition includes unsupported allegations that the judge has ties to organized crime, and alleges that the judge "has acted to 'Block' the Courthouse door to petitioner in various cases," by insisting on strict adherence to the District Court's requirements regarding an inmate account certification. Piskanin also makes unsupported allegations of the judge's political bias against him.

Mandamus is an "extraordinary remedy" that we award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re: Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Mandamus lies only when there is no other remedy available. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989). Piskanin has not shown that he has no other remedy available, as he has not filed a motion to recuse in the District Court. See In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003).

Even if we were to assume that Piskanin had no other adequate means to challenge the judge's involvement in his cases, he plainly has not shown that he has a clear and indisputable right to the writ, nor that we should exercise our discretion in his favor. Section 455(a) of title 28 provides that: "[a]ny justice, judge, or magistrate judge of the

2

United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge shall also disqualify himself where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455. Piskanin's unsupported allegations of bias do not require disqualification by the District Judge. Thus, we are not required to issue a writ of mandamus directing him to recuse himself. In re: School Asbestos Litigation, 977 F.2d 764, 778 (3d Cir. 1992) (mandamus relief concerning judge's failure to recuse only warranted where statute "clearly and indisputably" required him to recuse); see also Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal). To the extent Piskanin seeks to have the District Judge withdraw pursuant to 28 U.S.C. § 144, he has not stated facts that would convince a reasonable person that bias exists, nor has he stated facts that show bias that is personal in nature, see United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).[1]

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] In any event, mandamus may not be used to correct a district judge's failure to disqualify himself pursuant to § 144. See, e.g., In re Sch. Asbestos Litig., 977 F.2d 764, 775-76 (3d Cir. 1992).