GLD-163                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1657
_____

IN RE: JAY V. YUNIK,

                                                          Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civil Action No. 08-cv-01706)
_____

Submitted Under Rule 21, Fed R. App. P.
April 14, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed April 26, 2011)
_____

OPINION
_____

PER CURIAM

      Jay V. Yunik is a pro se prisoner currently in the custody of the Pennsylvania

Department of Corrections ("DOC") at the State Correctional Institution at Fayette.

      In December 2008, Yunik commenced a civil rights action against the Attorney

General of Pennsylvania and several officials and employees of the DOC, and of the

Pennsylvania Board of Probation and Parole.  On screening, the District Court dismissed

several claims in Yunik's amended complaint.  Defendants then moved to dismiss

Yunik's remaining claims. In a November 2010 decision, the District Court granted in part, and denied in part, the motion to dismiss.

In March 2011, Yunik filed in this Court a petition for writ of mandamus asking us to: 1) remove District Court Judge Ambrose from the case; and 2) instruct the District Court to rule on several motions that he filed in February 2011, including a motion to appoint counsel, a motion for injunctive relief, two motions to compel discovery, and a motion to extend the deadlines set forth in the case management order.

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "no other adequate means to attain the desired relief, and . . . a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted).

Yunik alleges that Judge Ambrose engaged in improper behavior when, in her November 2010 opinion granting in part, and denying in part, Defendants' motion to dismiss, she included background information regarding Yunik's criminal conviction. Yunik alleges that her inclusion of those facts was somehow prejudicial to his current case.

As an initial matter, Yunik has not shown that he has no other remedy available, as he has not filed a motion to recuse Judge Ambrose in the District Court. See In re

Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003). However, even if we were to assume that Yunik had no other adequate means to challenge Judge Ambrose's involvement in his case, he plainly has not shown that he has a clear and indisputable right to the writ.

"The test for recusal under 28 U.S.C. § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Id. Yunik's unsupported allegation of improper conduct does not warrant Judge Ambrose's disqualification. Certainly, her recitation of information that is already of public record does not demonstrate a lack of impartiality. To the extent Yunik seeks to have Judge Ambrose withdraw pursuant to 28 U.S.C. § 144, he has not stated facts that would convince a reasonable person that bias exists, nor has he stated facts that show bias that is personal in nature, see United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

As to Yunik's request that we direct the District Court to rule on several motions that he filed in February 2011, because the District Court has already done so, we deny the request as moot.

For the foregoing reasons, mandamus relief is not appropriate. We will deny the petition.