IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

June 01, 2026 12:14 PM
SCT-Crim-2023-0013
**DALILA E. PATTON, ESQUIRE
CLERK OF THE COURT**

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **K'SHAWN HUGHES,** | )    **S. Ct. Crim. No. 2023-0013** |
| Appellant/Defendant, | )    Re: SX-2017-CR-00398 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **PEOPLE OF THE VIRGIN ISLANDS,** | ) |
| | ) |
| Appellee/Plaintiff. | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Alphonso G. Andrews, Jr.

Argued: October 14, 2024
Filed: June 1, 2026

Cite as: 2026 VI 10

BEFORE:    **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Vincent Colianni II, Esq.,
Marina Leonard, Esq.**
Colianni & Leonard, LLC.
Christiansted, U.S.V.I. 00820
    *Attorneys for Appellant,*

**Sean P. Bailey, Esq.**
Assistant Attorney General
Kingshill, U.S.V.I. 00850
    *Attorney for Appellee.*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 2 of 10

2026 VI 10

¶1 K'Shawn Hughes ("Hughes") appeals from the March 1, 2023 judgment and sentence of the Superior Court, in which he was sentenced to 30 years in prison for second-degree murder consistent with the maximum sentence detailed in his plea agreement. For the reasons that follow, we affirm the judgment and sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶2 On June 4, 2017, at approximately 2:40 p.m., Dean Schneider was fatally shot at the Ruby M. Rouss Housing Complex in Christiansted, St. Croix. The immediate police investigation led the officers to Hughes and a likely accomplice, Andre Auguste ("Auguste"),[1] who were apprehended and arrested on the day of the incident. In an information dated December 7, 2017, Hughes was charged with first-degree murder, 14 V.I.C. section 922(a)(1), (2), unauthorized possession of a firearm during the commission of a crime of violence, 14 V.I.C. section 2253(a), and other related charges.[2]

¶3 On September 9, 2022, Hughes entered into a plea agreement under which he agreed to plead guilty to murder in the second degree, 14 V.I.C. section 923(b), and to the unauthorized possession of a firearm during a crime of violence, 14 V.I.C. section 2253(a). In exchange for Hughes's plea, the People agreed to dismiss the remaining charges and to recommend a sentence of no more than 30 years of incarceration for second-degree murder, with sentences for both offenses to run concurrently.

---

[1] Initially charged alongside Hughes in Dean Schneider Hughes's murder, Auguste later died in a car accident while released on bail.

[2] Hughes was also charged with unauthorized possession of a firearm in a vehicle, 14 V.I.C. § 2253(e), first-degree assault, 14 V.I.C. § 295(1), possession of a controlled substance with intent to distribute, 19 V.I.C. § 604(a)(1), possession of ammunition, 14 V.I.C. § 2256(a), third-degree assault, 14 V.I.C. § 297(2),(3), reckless endangerment in the first degree, 14 V.I.C. § 625(a), possession of a drug paraphernalia, 19 V.I.C. § 630(a), and discharging or aiming a firearm, 23 V.I.C. § 479(a).

¶4      During the September 19, 2022 change of plea hearing, the Superior Court declined to accept Hughes's guilty plea to unauthorized possession because he disputed the firearm's discovery in the vehicle and his fingerprints on it, leaving an insufficient factual basis to support the plea on that count. As a result, the People amended the plea agreement to withdraw the unauthorized possession charge. Pursuant to the amended agreement, Hughes pleaded guilty to second-degree murder with a stipulated sentencing range of five to 30 years, which the court accepted.

¶5      At the sentencing hearing, the People recommended a sentence of five to 30 years while Hughes's attorney asked for a sentence of 15 years.[3] Ultimately, the Superior Court sentenced Hughes to 30 years in prison. The Superior Court memorialized its decision in a judgment and sentence entered on March 1, 2023. Hughes timely filed a notice of appeal with this Court on March 14, 2023.

## II.      DISCUSSION

### A.  Jurisdiction and Standard of Review

¶6      Under 4 V.I.C. § 32(a), this Court has jurisdiction over appeals from final judgments of the Superior Court. In a criminal case, the written judgment embodying the adjudication of guilt

---

[3] Appellant's and Appellee's briefs show disagreement as to whether the People requested 25 years or 30 years at the sentencing hearing. Although it is true that the record shows that the prosecution orally requested 25 years at the hearing, the record also shows the Superior Court questioning the inconsistency between the 25 years requested orally and the 30 years written in the plea agreement. To clarify the discrepancy, the People restated: "Paragraph Three of the amended complaint specifically states that the parties agree to recommend a sentencing range of five to 30 years incarceration as to Count One. And that is the People's recommendation to the Court this morning. I said 25 [previously]. I was thinking of the original [sentencing range] but that [five to 30 years] is the request of the People." We note that the term "amended complaint" appears to be a misstatement by counsel during the sentencing hearing, as no amended complaint exists in the record. It is apparent that counsel intended to reference the amended plea agreement, specifically paragraph 3, which sets forth the sentencing range discussed.

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 4 of 10

2026 VI 10

and the sentence imposed based on that adjudication constitutes a final judgment for purposes of review. *Hightree v. People*, 60 V.I. 514 (2014) (citing *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013) (internal quotation marks omitted)); *see also Fontaine v. People*, 62 V.I. 643, 647 (V.I. 2015). Because the Superior Court entered a final judgment and sentence on March 1, 2023, this Court properly exercises jurisdiction over this appeal.

¶7 The standard of review for our examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 408–09 (2016) (citing *St. Thomas–St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007)). "Generally, this Court will not review a sentence which falls within the bounds prescribed by the applicable statute. In that regard, the trial court's sentencing determination will be interfered with only upon a showing of illegality or abuse of discretion." *Chciuk-Davis v. People*, 57 V.I. 317, 321 (V.I. 2012) (citing *Brown v. People*, 56 V.I. 695, 699 (V.I. 2012)) (internal citations omitted); *see also Irons v. People*, 57 V.I. 473, 478 (2012). Here, we review the Superior Court's sentencing decision for abuse of discretion. *See, e.g., Irons*, 57 V.I. at 477-78. "An abuse of discretion arises only when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Streibich v. Kaplanek*, S. Ct. Civ. No. 2024-0043, 2025 WL 1582282, at ¶ 16 (V.I. June 4, 2025) (citing *Streibich v. Underwood*, 74 V.I. 488, 499, 2021 VI 3, ¶ 17 (2021) (internal quotation marks omitted)).

## B. The Mitigating Factors

¶8 On appeal, Hughes challenges his 30-year sentence as excessive, asserting that the Superior Court abused its discretion and violated his due process rights by disregarding critical mitigating factors, including his youth, lack of prior felonies, difficult childhood, and potential for

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 5 of 10

2026 VI 10

rehabilitation. Hughes emphasizes that he lacked a stable parental figure, experienced frequent changes in guardianship, and left school after 10th grade to care for an ill grandmother. He compares his situation to that in *Irons*, where a defendant with a lengthy criminal history nonetheless received 25 years for second-degree murder in part because the court credited her traumatic childhood. *See Irons*, 57 V.I. at 475-78, 480. Unlike the court in *Irons*, he argues, the Superior Court here overlooked his background, resulting in a harsher sentence. He further avers that at the time of the offense he was an emerging adult, with a brain still undergoing critical development – particularly in the prefrontal cortex governing judgment and impulse control – thereby substantially reducing his moral culpability and elevating his prospects for rehabilitation.[4] Hughes also claims that these factors, coupled with his clean criminal record – limited to an expunged misdemeanor – are well-established bases for a shorter sentence. Hughes concludes that the trial judge imposed the maximum sentence primarily as a deterrent, without considering and giving meaningful weight to these mitigating circumstances, resulting in a punishment insufficiently tailored to his individual situation.

---

[4] To support this argument, Hughes pointed out that "courts in other jurisdictions have held that age is a mitigating factor in capital murder cases when a defendant is an emerging adult, meaning an adult aged 18, 19, or 20." Hughes relies on *Commonwealth v. Mattis*, 224 N. E. 3d 410 (Mass. 2024), arguing that "emerging adults," young people ages 18-20, share neurological characteristics with juveniles, affecting reasoning, planning, and impulse control, thus indicating less moral culpability and greater rehabilitative potential. *Id.* Nevertheless, Hughes failed to fairly present this argument to the Superior Court and thus, as he conceded in his brief, has waived it. *See* V.I. R. App. P. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal . . . ."); V.I. R. App. P. 22(m) ("Issues that were (1) not raised or objected to before the Superior Court ... are deemed waived for purposes of appeal . . . ."); *see, e.g., World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1172 (V.I. 2019); *see also Ubiles v. People*, 66 V.I. 572, 584 (V.I. 2017).

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 6 of 10

2026 VI 10

¶9      In response, the People contend that the Superior Court did not abuse its discretion in sentencing him to 30 years in prison because that sentence fell squarely within the boundaries of the plea agreement and was well-supported by the record as reflected in the pre-sentencing report and hearing transcript. The People further maintain that while the Superior Court considered mitigating factors, it ultimately determined that Hughes's evident lack of genuine remorse was paramount, concluding that this outweighed any mitigating circumstances and justified imposing the maximum sentence allowed under the agreement. We agree with the People.

¶10     "A trial court generally enjoys 'broad discretion in fashioning a sentence within legislative parameters' so long as it satisfies constitutional requirements." *Miller v. People*, 67 V.I. 827, 837 (V.I. 2017); *Brown*, 56 V.I. at 713. This Court has long recognized that "when a sentencing judge is exercising discretion in his sentence, due process permits and requires him to take into account all aggravating and mitigating factors." *Beaupierre v. People*, 55 V.I. 623 (V.I. 2011) (internal citations omitted). But sentencing is not beyond appellate review, and the punishment imposed must be fashioned to fit both the defendant and the crime. *See Chciuk-Davis v. People*, 57 V.I. 317, 322 (V.I. 2012); *see also Karpouzis v. Gov't of the V.I.*, 58 F. Supp. 2d 635 (D.V.I. 1999); *United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973). In other words, the sentencing must be individualized, that is, the punishment must be tailored "to the circumstances surrounding each individual defendant." *Thompson*, 483 F.2d at 529. Such individualized treatment is necessary "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Carter*, 564 F. 3d 325, 328 (4th Cir. 2009). (citing *Gall v. United States*, 552 U.S. 38, 52 (2007). Additionally, while a sentencing court may weigh numerous considerations, the due process clause imposes a substantial constraint to ensure fundamental fairness in the exercise of

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 7 of 10

2026 VI 10

that discretion. *See, e.g., U.S. ex rel. Collins v. Claudy*, 204 F.2d 624, 628 (3d Cir. 1953). Nevertheless, a trial court need not provide an exhaustive recitation of its rationale; a clear acknowledgment that it has. *See Chciuk-Davis*, 57 V.I. at 322 (internal citations omitted).

¶11     In this case, the record leaves no doubt that the Superior Court considered the full array of the mitigating circumstances advanced on Hughes's behalf. The sentencing transcript shows that the court acknowledged his background as reflected in the presentence report, defense counsel's emphasis on Hughes's youth at the time of the offense and his assessment that Hughes exhibited genuine remorse, his aspiration to pursue a college degree, as well as his and his mother's statements of condolences to Dean Schneider's family. The Superior Court also directly inquired whether any additional evidence of remorse or explanation for the crime had been presented on the record. After Hughes characterized the offense as a "mistake" resulting from youthful impulsiveness and remarked that "things happen," the Superior Court determined that these explanations lacked sincerity and fell short of demonstrating the contrition necessary to mitigate the severity of his sentence. Finding neither evidence of remorse nor a discernible motive for Dean Schneider's murder, the Superior Court characterized the offense as "senseless" and emblematic of the community's ongoing struggle with gun violence in the territory. After considering the presentence report, the mitigating evidence on the record, and the parties' submissions, the Superior Court concluded that a 30-year sentence was warranted under the circumstances and imposed it. Based on these facts, we are persuaded that the Superior Court thoughtfully considered the aggravating and mitigating factors presented by both sides and exercised its lawful discretion in tailoring an appropriate sentence to fit Hughes as well as the crime he committed against Dean Schneider. Therefore, we reject Hughes's argument that the Superior Court violated his due

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 8 of 10

2026 VI 10

process rights by overlooking the mitigating factors and conclude that the court did not abuse its discretion.

## C. Excessiveness of Hughes's Sentence

¶12    We now turn to Hughes's contention that the 30-year sentence was excessive. The Virgin Islands Code mandates a minimum sentence of five years for second-degree murder but does not prescribe a maximum, thereby granting the Superior Court broad discretion in determining an appropriate sentence. *See* 14 V.I.C. § 923(b); *see, e.g., Irons,* 57 V.I. at 480; *see Jackson-Flavius v. People,* 57 V.I. 716, 730 (V.I. 2012). Here, Hughes agreed to a sentence ranging anywhere from five to 30 years in his plea agreement, and the Superior Court sentenced him within the range set by statute and within the plea agreement sentencing range. Accordingly, we conclude that the sentence was legally sound, consistent with the plea agreement, and well within the Superior Court's lawful discretion. *See, e.g., Lake v. Gov't of the V.I.,* 69 V.I. 84 (V.I. 2018) (affirming that the Superior Court possessed the discretion to impose a sentence different from [and in this instance, greater than] the plea agreement's recommendation, especially when the defendant acknowledged this possibility and the recommendation was not binding on the court);[5] *see also, e.g., Brathwaite v. People,* 67 V.I. 609 (V.I. 2017) (citing *Tindell v. People,* 56 V.I. 138, 153 (V.I. 2012) (the trial court did not err in imposing a sentence which was within the sentencing range set by the statute, and which "mirrored the People's recommended sentence pursuant to the plea agreement")); *see also Miller v. People,* 67 V.I. 827, 837 (V.I. 2017) (citing *Brown,* 56 V.I. at 713)

---

[5] In *Lake,* the defendant received a 30-year sentence for second-degree murder notwithstanding a 20-year recommendation in his agreement. This Court rejected Lake's excessiveness challenge, citing *Irons* for the principle that plea recommendations do not bind the sentencing court so long as the sentence falls within statutory limits – a constraint Lake acknowledged, just as Hughes agreed to a five- to thirty-year range.

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 9 of 10

2026 VI 10

("[a] trial court generally enjoys 'broad discretion in fashioning a sentence within legislative parameters' so long as it satisfies constitutional requirements"); *see, e.g., Beaupierre*, 55 V.I. at 631 (finding that the trial judges must exercise any sentencing discretion within the constraints by statute, but cannot disregard mandatory minimums even if they believe a lower sentence is appropriate); *see also Brathwaite v. People*, 60 V.I. 419 (V.I. 2014) (holding that so long as statutory and mandatory minimums are respected, the judge's sentencing discretion is protected, and the specific sentence selected above the minimum is entrusted to the judge's careful judgment).

### III.    CONCLUSION

¶13    In sentencing Hughes the Superior Court acted well within its lawful discretion, after conducting a thorough and deliberate evaluation of all pertinent facts and legal arguments. The record, including the plea and sentencing hearings, demonstrates that the sentencing was a reasoned and measured exercise of judicial authority, free from arbitrariness or caprice. The sentence conforms precisely to the plea agreement, and the Superior Court properly considered all mitigating factors. This appeal borders, in a genteel sense, on the fringe of frivolousness – it fails to present any substantial legal error or meritorious basis for reversal. Accordingly, we affirm the Superior Court's judgment and sentence as a reasoned exercise of discretion that faithfully applies the law to the facts of this case.

**Dated this 1st day of June 2026**

**BY THE COURT:**

**MARIA M. CABRET**
Associate Justice

*Hughes v. People*
S. Ct. Crim. No. 2023-0013
Opinion of the Court
Page 10 of 10

2026 VI 10

**ATTEST:**
**DALILA E. PATTON, ESQ.**

**Clerk of the Court**

**By:** _____
       **Deputy Clerk** 

**Date:** _____