**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2497
_____

YI JING GROEBER,
                              Appellant

v.

FRIEDMAN AND SCHUMAN, P.C.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-00111)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2014
Before:  RENDELL, GREENAWAY, JR., and ALDISERT, Circuit Judges

(Opinion filed: February 12, 2014)
_____

OPINION
_____

PER CURIAM

        Yi Groeber appeals pro se from the District Court's judgment entered in favor of

the defendants.  For the following reasons, we will affirm.

I.

In January 2013, Yi Groeber filed a complaint against her former employer, Friedman and Schuman, P.C. ("FSA"), alleging violations of Title VII, 42 U.S.C. § 2000 et seq. Groeber claims, in particular, that FSA discriminated against her on the basis of race and retaliated against her for complaining of discrimination. Her allegations are as follows.

Groeber, an Asian American woman, applied for a legal secretary position with FSA. She was told by FSA's office manager, Stephen DeMaio, that the position was not available but that there was an opening for a support clerk position. On May 1, 2006, Groeber accepted the position after DeMaio assured her that "there are always opportunities [to be promoted]." Despite DeMaio's assurance, she was excluded from every possible promotion opportunity. For instance, a new secretary position was created, but Groeber, who at the time had three years of secretarial experience, was disqualified because the position required a minimum of five years of experience. The applicant ultimately selected—a white woman—had only one year of experience. During her employment at FSA, Groeber expressed an interest in temporarily taking on secretarial duties whenever one of FSA's secretaries took a leave of absence, but she was rebuffed, and instead FSA would always hire temporary staff—always white women.

Groeber's dissatisfaction came to a head on March 16, 2007. DeMaio reprimanded her for assisting one of FSA's attorneys because she had already been forbidden on several previous occasions from doing so. An argument ensued in which Groeber told DeMaio and the attorney that she felt discriminated against. Thereafter,

DeMaio locked Groeber out of the computer system and told her to go home. When Groeber returned to work on Monday to discover that she was still locked out of the computer system, she contacted the Equal Employment Opportunity Commission ("EEOC"). Groeber contacted the EEOC again on May 10, 2007, because she remained locked out of the system. FSA terminated Groeber's employment on June 8, 2007.

The District Court granted FSA's motion to dismiss Groeber's complaint, after holding a hearing. The District Court determined that Groeber failed to sufficiently allege a claim of racial discrimination and unlawful retaliation. Groeber timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order dismissing Groeber's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, Groeber's complaint needed to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To establish a *prima facie* case of employment discrimination on the basis of race, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action was made under circumstances that give rise to an inference of unlawful discrimination. Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam). To survive a motion to dismiss, Groeber did not need to

3

establish the elements of a *prima facie* case; she merely needed to "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation and citations omitted).

As the District Court correctly concluded, Groeber failed to put forth facts to support the fourth element above. In her complaint, Groeber alleged chiefly that FSA hired less qualified white women for secretarial positions and that she never received a raise while others who had been employed more recently did. Groeber's subjective belief that race played a role in these employment decisions, however, is not sufficient to establish an inference of discrimination; rather, discrimination may be inferred by showing FSA treated similarly situated employees outside of Groeber's class more favorably. Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410-11 (3d Cir. 1999). Without proof that someone similarly situated was treated more favorably, Groeber is left only with her subjective belief that race played a role in FSA's employment decisions. She presents no discriminatory statements by FSA or evidence of discriminatory motive to support her allegations.

Moreover, Groeber offered no rebuttal to FSA's proffered (performance-related) reason for terminating her employment. In fact, Groeber conceded that she had been given oral warnings, and at least one written evaluation reflected that her job performance was a mix of average and fair. (See Hr'g Tr., 27, April 26, 2013.)

4

Groeber's retaliation claim likewise fails. She alleged that FSA retaliated against her by terminating her employment because she had complained of discrimination. The viability of Groeber's retaliation claim is contingent on a finding that (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. See Abramson v. William Paterson Coll., 260 F.3d 265, 286 (3d Cir. 2001).

The problem with Groeber's retaliation claim lies with the element of causation. She suggested that the temporal proximity between her complaint to DeMaio on March 16, 2007, and her termination on June 8, 2007, demonstrates a causal connection between the two events. Indeed, temporal proximity can be probative of a causal connection in retaliation cases. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280 (3d Cir. 2000). But the "mere fact that adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997), overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006). The timing must be "unusually suggestive" of retaliatory motive before a causal link will be inferred. Krouse v. American Sterilizer, Co., 126 F.3d 494, 503 (3d Cir. 1997). The three-month period between the time Groeber complained to DeMaio and the time she was fired is not "unusually suggestive of retaliatory motive. See, e.g., Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (citing cases where three and four months between protected activity and adverse employment action was

5

insufficient to establish a causal connection); <u>Williams v. Phila. Hous. Auth. Police Dep't</u>, 380 F.3d 751, 760 (3d Cir. 2004) (holding two months between protected activity and adverse employment action not unduly suggestive).  Nor did Groeber allege that anything otherwise nefarious occurred between the time she complained to DeMaio and the time her employment was terminated.  <u>See</u> <u>Krouse</u>, 126 F.3d at 504 ("When temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus.).

For the reasons given, we will affirm the judgment of the District Court. Groeber's motion to expedite this appeal is denied as moot.

6