**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4208
_____

YI JING GROEBER,
                                        Appellant

v.

FRIEDMAN AND SCHUMAN P.C.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-00111)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2015

Before:  CHAGARES, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Yi Jing Groeber, proceeding pro se, appeals from the District Court's orders denying her motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), and her motion for recusal. For the reasons that follow, we will affirm.

In January 2013, Groeber filed a complaint in the District Court against her former employer, Friedman and Schuman, P.C. ("Friedman"), alleging violations of Title VII, 42 U.S.C. § 2000 et seq. Groeber claimed that Friedman discriminated against her on the basis of her race and retaliated against her for complaining of discrimination. By order entered on April 29, 2013, the District Court granted Friedman's motion to dismiss Groeber's complaint. We affirmed the District Court's judgment. See Groeber v. Friedman and Schuman, P.C., 555 F. App'x 133 (3d Cir. 2014).

More than a year after the District Court entered judgment in Groeber's case, Groeber filed in the District Court a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), claiming that the judgment should be vacated because the earlier District Court proceedings in this case had been tainted by fraud and misconduct. Shortly thereafter, Groeber filed in the District Court a motion for recusal pursuant to 28 U.S.C. § 144. In that motion, she argued that Judge Robreno should not decide her Rule 60(b) motion because he had demonstrated bias during earlier proceedings in the case. By separate orders entered on September 18, 2014, the District Court denied Groeber's motions. Groeber filed a timely notice of appeal from both orders of the District Court.

2

We have jurisdiction under 28 U.S.C. § 1291. We review both orders for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (applying the standard to review of a motion for relief from judgment); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (applying the same to review of an order denying a motion for recusal). After a careful review of the record, we will affirm both orders of the District Court.

The District Court did not abuse its discretion in denying Groeber's motion for recusal. Under 28 U.S.C. § 455(a), a judge should no longer preside over a case when a reasonable person, with knowledge of the facts, would conclude that the judge's impartiality might reasonably be questioned. United States v. Bergrin, 682 F.3d 261, 282 (3d Cir. 2012). To warrant reassignment, a case must generally involve apparent bias from an extrajudicial source, above and beyond judicial rulings or opinions formed in presiding over the case. Id.; see also Liteky v. United States, 510 U.S. 540, 555 (1994). Recusal motions pursuant to 28 U.S.C. § 144, which governs disqualification for bias or prejudice, must include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to conclude that the District Court harbored a special bias or prejudice toward the defendant. See United States v. Thompson, 483 F.2d 527, 528 (3d Cir. 1973).

First, under § 455, there is no extrajudicial source demonstrating bias beyond the judicial rulings in the case. Second, having reviewed Groeber's allegations, we conclude

3

that none of Judge Robreno's alleged actions demonstrate any personal bias of the type required by § 144. Groeber's displeasure with the District Court's earlier rulings is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

The District Court also correctly concluded that Groeber did not satisfy the requirements of Rule 60(b). First, the motion was untimely filed. A motion under Rule 60(b)(3) (grounded on fraud, misrepresentation, or misconduct of an adverse party) must be brought with one year of the judgment, and, otherwise, a Rule 60(b) motion must be brought within a reasonable time after the judgment. Fed. R. Civ. P. 60(c)(1). Groeber's motion was not brought within one year of the judgment, nor was it brought within a reasonable time after that judgment.[1]

Moreover, even if the motion had been timely filed, we agree with the District Court that Groeber failed to demonstrate that she was entitled to relief. A party may be relieved from a final judgment or order where an adverse party committed fraud, misrepresentation, or other misconduct that prevented the litigant from fully and fairly presenting her case. Fed. R. Civ. P. 60(b)(3); Stridiron v. Stridiron, 698 F.2d 205, 207 (3d Cir. 1983). A movant under Rule 60(b) bears a heavy burden to present "more than a showing of the potential significance of the new evidence." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted). These motions are only granted where

---

[1] The one year limitations period was not tolled by Groeber's appeal to this Court.

4

extraordinary justifying circumstances are present.  Id.  Groeber did not meet her heavy

burden of demonstrating that Freidman's alleged actions during earlier proceedings in

this case amounted to fraud or misconduct.[2]  Nor did she adequately demonstrate that the

alleged misconduct prevented her from fully and fairly presenting her case.[3]

Accordingly, we will affirm.

---

Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1346 n.5 (3d Cir. 1987).

[2] For example, Groeber claimed that Friedman engaged in ex parte communications with the District Court, but she presented no evidence whatsoever substantiating that claim. She also alleged that Friedman made various misstatements of fact at a hearing on Friedman's motion to dismiss but again failed to substantiate these allegations with any evidentiary support.  Moreover, these were all arguments that Groeber could have raised on appeal.  It is well established that a Rule 60(b) motion may not be used as a substitute for an appeal, see Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), or as a means of seeking review of this Court's previous opinion in the case, see Reform Party v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999) (en banc).

[3] To the extent that Groeber also alleged misconduct on the part of the District Court, she could not proceed under Rule 60(b)(3).  Rather, alleged misconduct of the District Court may be remedied by a motion pursuant to Rule 60(b)(6) "in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).  Groeber's motion made no concrete allegations of misconduct and primarily addressed the District Court's rulings that were adverse to her.  Accordingly, she did not demonstrate extraordinary circumstances warranting relief.  To the extent that Groeber also alleged in her motion that this Court engaged in misconduct in deciding her appeal from the dismissal of her complaint, the District Court did not have the authority to grant her relief with respect to those proceedings.